JOSEPH FLEISHEL *et al.*, plaintiffs in error, *vs.* THOMAS J. HOUSE *et al.*, defendants in error.

Whilst a prior purchaser of property on which there is a legal lien, may have an equity against subsequent purchasers of other portions of property on which the same lien attaches, to call upon them to discharge the lien in the inverse order of their purchase, and to the extent of the property they have purchased, if necessary, yet where the whole of the property has been in fact sold at the same time, at public auction, and some of the purchasers failing to comply with the terms of sale, others subsequently take the portions bought by such purchasers so failing, the reason on which a prior equity in favor of the first purchaser is founded does not exist, and they are all bound to contribute to the discharge of the lien in proportion to the amount respectively purchased by them.*

Equity. Injunction. Vendor and purchaser. Contribution. Before Judge HOPKINS. Fulton county. At Chambers. November 11th, 1873.

For the facts of this case, see the opinions.

E. F. HOGE, for plaintiffs in error.

HILL & CANDLER, for defendants.

---

*This head-note is by McCAY and TRIPPE, judges. How far it differs from the views of the chief justice may be seen by reference to his opinion.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, praying for an injunction to restrain the sale of certain city lots therein described, as the property of McGuire. On hearing the application for the injunction it was refused by the presiding judge, and the complainant excepted.

It appears from the record that on the 31st of July, 1869, an attachment was levied on a tract of land in the city of Atlanta, as described therein, at the instance of Strickland, the plaintiff, against McGuire, the defendant. Judgment was subsequently obtained on the attachment, which only bound the property attached. An execution issued on that judgment, commanding the sheriff to make the money out of the property levied on by the attachment. The defendant, McGuire, obtained a homestead in the property, and it was sub-divided into six lots, which were sold by an order of the ordinary at public outcry separately, and purchased by different parties, Adair claiming two of the lots under said sale, House claiming one of them, and the complainant claiming two of the lots, and the legal representative of O'Connor claiming the other lot. On the 4th day of August, 1873, Strickland caused his attachment *fi. fa.* to be levied on the entire tract of land as described in the attachment. House and Adair who claimed three of the sub-divided lots, purchased the attachment *fi. fa.* and judgment from Strickland, who assigned and transferred the same to House. The levy of the attachment *fi. fa.* on the entire tract was then dismissed, and the execution has since been levied on the two lots claimed by the complainant. In our judgment, the original attachment created a lien upon the entire tract of land upon which it was levied, and the judgment rendered thereon bound that specific property of the defendant therein, and no other property of the defendant, and when that property was subsequently divided into separate lots and sold, the purchasers thereof took the same subject to the lien of the attachment, and should bear the common burden thereof in proportion to the value of their

respective interests in the property at the time they purchased the same. But it is said, admitting that to be so, still the injunction was properly refused, because it was the right of the judgment creditor to make his money out of any of the property of his debtor that was subject thereto. That is undoubtedly the general rule, as was held by this court in *Barden vs. Brady,* 37 *Georgia Reports,* 660, when the judgment binds *all* the property of the defendant, but we are not so clear that it would be so under the facts of this case when the judgment only binds the specific property attached. But conceding that Strickland, the original judgment creditor, could have levied the execution on any separate portion of the property subject thereto in satisfaction thereof, at his pleasure, and that his assignees of the judgment, as a general rule, would stand in his shoes, with the same rights that he would have had, still, when it is apparent that all the purchasers of these sub-divided lots are bound to contribute rateably to discharge the common burden resting upon the land before the sub-division and sale, the defendant, McGuire, being insolvent, why, under this state of facts, should the assignees of the judgment, who are two of the purchasers of a part of the encumbered property, be allowed temporarily to protect their own property by having the execution levied on the property of other purchasers subject to the attachment lien, when those other purchasers can compel them ultimately to discharge their proportion of the common burden? In our judgment, under the facts disclosed by the record, the injunction prayed for should have been granted so as to prevent circuity of action, and a multiplicity of suits.

Let the judgment of the court below be reversed.

McCay and Trippe, judges, concurred as stated in the above head-note. They furnished no other opinions.