### Bryan *v.* Simpson.

On the withdrawal of a claim in the superior court, the case having reached that court by an appeal from a justice's court, the claimant being the appellant, no judgment can be entered up on the appeal bond against the claimant and his surety, except for costs in the claim case. To include in the judgment the amount due on the execution which was levied upon the property claimed, was erroneous.

July 17, 1893.

Claim. Before Judge Guerry. Terrell superior court. November term, 1892.

Hoyl & Parks, by brief, for plaintiff in error.

Bleckley, Chief Justice.

In a claim case as well as in any other the liability of the security on appeal is for the eventual condemnation money and costs. Code, §3616. The eventual condem-

nation money is that, and only that, which is found by the verdict disposing of the appeal or which becomes payable by some judgment of the court which can legally be entered up by the appellate court as a result of disposing of the appeal. In a claim case, whether the claim· be withdrawn or tried, no judgment by the appellate court in favor of the plaintiff can possibly be rendered except that the property levied upon is subject and that the levy proceed and that the plaintiff recover costs, unless damages for a frivolous appeal or for interposing the claim for delay only be awarded by the jury, in which case these damages can be embraced in the judgment. Here no damages were awarded, and the claim was withdrawn. Consequently the appellate court could render no judgment whatever for money either against the appellant or his security on the appeal bond, except for costs. Bryan, the claimant, did not owe any debt to the plaintiff in the mortgage execution. The debtors and mortgagors were G. C. & E. C. Melton. Why should Bryan pay their debt? It has never been heard of that by interposing a claim to property levied upon under an execution the claimant renders himself liable to pay the execution. The question which he proposes to litigate with the plaintiff is not his own liability for the debt but his title to the property levied upon. He asserts that that property is not subject to sale under the execution. This was the question for trial in the justice's court from which the appeal was taken. How could the question be changed in the superior court to one of personal liability of the claimant and the security on his appeal bond to pay the whole debt or any part of it? The court certainly erred in allowing judgment to be entered up declaring such a liability.          *Judgment reversed.*