## GOLDMAN *v.* DENT, trustee.

Where a bond for titles was executed and delivered to a named person as
   trustee for a woman and her children and a portion of the purchase-
   money paid, the woman was not, within the meaning of section 3586 of
   the Code of 1882, such a holder of the property described in the bond as
   would, under that section, authorize a levy and sale of "the entire in-
   terest stipulated in the bond," under an execution issued against her as
   an individual; nor could her interest in the property be, by such a
   levy, reached and subjected to the satisfaction of the judgment upon
   which such execution was founded. What her interest was, and how
   the same could be so subjected, are questions not made in the present
   record.

                    Argued June 5, — Decided July 21, 1897.

Levy and claim. Before Judge Lumpkin. Fulton supe-
rior court. September term, 1896.

*Brandon & Arkwright,* for plaintiff.
*P. F. Smith, W. W. Gaines* and *R. R. Shropshire,* contra.

COBB, J. Goldman recovered a judgment in the city court
of Atlanta, against Mrs. Mary F. S. Lane. Execution issued
thereon was levied on a house and lot in the city of Atlanta,
the entry of levy reciting: "This property is held by said
Mary F. S. Lane under a bond for title made by G. S. Prior
about 1887, conditioned to convey to her the above described
land in fee simple, upon the payment of the purchase-price
therein named, and the purchase-price has been partially paid,
and the entire interest stipulated in said bond is levied upon
in accordance with section 3586 of the Code of Georgia." A
claim was interposed by Joseph E. Dent, as trustee for Mrs.
Lane and her children. At the conclusion of the evidence
offered by the plaintiff in fi. fa., the court dismissed the levy,
and this is assigned as error.

It appeared from the evidence that Stegall, the grandfather
of Mrs. Lane, had bequeathed certain shares of railroad-stock
to her and her children. The will provided, that the railroad-
stock was to be managed by a trustee, and that the dividends
were to be paid to Mrs. Lane as they were collected, and that
Joseph E. Dent was to be the trustee, who should have "full
power to manage said trust property for the proper use and
benefit of said beneficiaries:" Dent qualified and took charge

of the property. The railroad-stock was sold for the sum of $2,000, and this amount was invested in the house and lot levied on. The vendor executed his bond for titles to Dent as trustee for Mrs. Lane and her children, conditioned to execute to him, or his assigns, a title upon payment of two notes for the balance of the purchase-money, executed by Mrs. Lane and her husband, J. H. Lane. No notice of the levy was given to Dent, the trustee, but such notice was given to the vendor and Mrs. Lane. An effort is made in this proceeding to subject the interest of Mrs. Lane in the property to the payment of the judgment, under the provisions of section 3586 of the Code of 1882. A person whose only interest in real property is under a contract of sale evidenced by a bond for titles has no interest which can be seized under execution, in the absence of a statute authorizing a levy and sale. It follows, therefore, that when an effort is made to sell according to such a statute, it must clearly appear that the case falls within the terms of the statute. In order to bring the case within the provisions of the section relied on, it is, therefore, absolutely essential that the defendant in fi. fa. must be a person who holds under a bond for titles. As the bond in this case was made to Dent, the trustee appointed under Stegall's will, the judgment is not against the person who is the holder. Dent, the trustee, is, within the meaning of this section, the holder. Mrs. Lane not being the holder under the bond, her interest, whatever it may be, can not be seized and sold under the provisions of this section. *Freeman* v. *Aiken*, 49 *Ga.* 51. Whether she has an interest which can be lawfully subjected to the payment of her debts, and how such interest, if it exists, can be reached, are questions not made by this record, and will not be now decided.

*Judgment affirmed. All the Justices concurring.*