## WALL, MONTGOMERY & TYSON *v.* HARVEY.

1. Where a wife has filed a claim to property levied upon by virtue of a fi.
   fa. issued on a general judgment against her husband, it is not error for
   the court to refuse to permit plaintiff to amend the pleadings in the case
   by alleging simply that the debt which was the basis of the judgment
   was for material used in the erection of the improvements levied upon,
   "which was valuable and was accepted by the claimant, and was furnished
   with the knowledge of the claimant."
2. The evidence in this case demanding a verdict for the claimant, there was
   no error in directing the jury so to find.

Submitted March 27,— Decided April 25, 1899.

Levy and claim. Before Judge Butt. Marion superior
court. August 29, 1898.

*Simeon Blue,* by *J. A. Noyes,* for plaintiffs.

LEWIS, J. 1. Wall, Montgomery & Tyson obtained a judg-
ment against Collins Harvey, and the fi. fa. issued thereon was
levied upon a certain lot of land to which the defendant's wife,
Viney Harvey, filed a claim. The plaintiffs sought to amend
their levy by what they termed "an equitable issue," in the
following words: "That the claimant is estopped from deny-
ing that the property levied upon belongs to deft., because

plffs. furnished the greater part, if not all of the material used in the erection of the improvements levied upon, and that the debt, the basis of the judgment on which the execution in this case issued, was for the said material, which was valuable and was accepted by the claimant, and was furnished with the knowledge of the claimant." This amendment was rejected by the court, and error is assigned on this ruling. After the testimony had closed, the court directed a verdict finding the property not subject. We presume that the theory of counsel for plaintiff in error was, that inasmuch as the wife received the benefit of the material furnished, which was the foundation of the judgment against her husband, she thereby became personally liable for the debt. It would certainly be a novel way to establish that liability by suing the husband, obtaining judgment against him, and then levying upon the wife's property and offering to show by an equitable plea that she is liable on the original debt. Directly applicable to this case is the following quotation from Chief Justice Bleckley, taken from the opinion delivered by him in the case of *Bryan* v. *Simpson*, 92 *Ga.* 308 : "It has never been heard of that by interposing a claim to property levied upon under an execution the claimant renders himself liable to pay the execution. The question which he proposes to litigate with the plaintiff is not his own liability for the debt, but his title to the property levied upon. He asserts that that property is not subject to sale under the execution. This was the question for trial in the justice's court from which the appeal was taken. How could the question be changed in the superior court to one of personal liability of the claimant," etc. See *Hardman* v. *Cooper*, and *Southern Mining Co.* v. *Brown*, ante, 251, 264.

2. There was no dispute about the title of the wife to the property in question. The evidence in this case demanded a verdict finding the property not subject, and the court was right in so directing the jury.

*Judgment affirmed. All the Justices concurring.*