## COLLINS *v.* MOORE & CULVER.

The evidence demanded the verdict rendered, and it was error to grant a new
. trial.

Submitted October 30, — Decided November 16, 1903.

Levy and claim.    Before Judge Holden.    Hancock superior court.    June 4, 1903.

*W. H. Burwell* and *R. H. Lewis,* for plaintiff in error.
*F. L. Little* and *Seaborn Reese,* contra.

COBB, J.    This is the second appearance of this case in this court.    See *Collins* v. *Moore,* 115 *Ga.* 327.    At the last trial the judge directed a verdict in favor of the claimant, and granted a motion for a new trial filed by the plaintiff in execution.    It was settled by the decision when the case was here before, that the

transaction between Mrs. Collins and H. M. Collins, as between themselves, constituted Mrs. Collins the owner of the land from the date the arrangement was entered into; and that the question as to whether she was to be treated as the owner as against the plaintiffs in execution was to be dependent upon whether, at the time of taking their mortgage, they had notice of this change of ownership, or were in possession of facts sufficient to put them upon an inquiry which if followed up would result in notice. The solution of this question depended upon whether Ivey, the person in possession of the land, was the tenant of H. M. Collins or of Mrs. Collins at the time the mortgage was taken. The testimony introduced in behalf of the claimant demanded a finding that at the date referred to the change of ownership had taken place and that Ivey had become the tenant of Mrs. Collins. Such being the case, the plaintiffs in execution were charged with notice of this fact; and in the absence of any evidence to the contrary, the direction of a verdict in favor of the claimant was proper. After a careful examination of the brief of evidence, we can find nothing which would have authorized the jury to find that at the date of the execution of the mortgage Ivey was the tenant of H. M. Collins. It is true that Capt. Culver in his direct evidence, in referring to the question of possession of the land at the date the mortgage was executed, says: " Mr. Ivey was in actual possession of the land as a renter of Henry Collins." But in the cross-examination he stated: " Mr. Collins was not living on the place. My recollection of my language is that I stated Mr. Ivey was a tenant on the place. I know that, because I constantly passed there and saw him there. My understanding was when he bought the guano, I don't know of my own knowledge, that Mr. Ivey was a tenant of Mr. Henry Collins." Taking the testimony of the witness on this subject as a whole, it was not sufficient to authorize a finding that Ivey was a tenant of H. M. Collins at the date the mortgage was. executed. In the light of the statements on cross-examination, the apparently positive assertion that Ivey was the tenant of H. M. Collins at that date would not have been sufficient foundation for a verdict in favor of the plaintiff in execution. *Judgment reversed. All the Justices concur.*