## 8726. KIKER v. JONES.

1. The relation of landlord and tenant is not established by a contract between an owner of land and another person that the owner is to furnish the land, stock, tools, and supplies to make a crop, and the other person is to do the labor and receive a part of the crop. A person employed to work for a part of the crop under such a contract is a cropper, and the title to the crop (subject to the interest of the cropper therein) and the possession of the land remain in the owner. Civil Code (1910), § 3707.

2. Where a landowner brought an action of trover for certain cottonseed and bales of cotton grown on his land by another person, and the evidence as to the contract under which the cotton was grown was the plaintiff's testimony that he furnished the land, stock, tools, and supplies for the other party to make the crop, and the other party furnished the labor, and the plaintiff was to receive "as rent" a half of the cotton and two thirds of the corn and fodder, and that these were the terms on which he "rented" the land to the other party, it was error to grant a nonsuit on the ground that the evidence did not show that the relation of landlord and cropper existed between the parties. The legal relation of the parties is to be determined, not by the statement that the land was "rented," or that the owner was to receive a part of the crop "as rent," but by the entire contract; and the testimony tended to show that the legal relation of the party who did the work was that of "cropper."

DECIDED JULY 26, 1917.

Trover; from Gordon superior court—Judge Tarver, March 7, 1917.

*Starr & Paschall*, for plaintiff, cited: Civil Code (1910), § 3707; *Hancock* v. *Boggus*, 111 *Ga.* 884-5 (2); *Appling* v. *Odom*, 46 *Ga.* 583; *Thompson* v. *Passmore*, 9 *Ga. App.* 771; 8 Michie's Dig. Ga. R. 552; 12 Cyc. 979; *Blitch* v. *Edwards*, 96 *Ga.* 608-10.

*F. A. Cantrell, A. L. Henson,* for defendant, cited *Thompson* v. *Passmore*, supra.

BROYLES, P. J. Where a landowner enters into a contract with another person, by the terms of which the owner is to furnish the land, stock, tools, and supplies to make a crop, and the other person is to do the labor and receive a part of the crop so made, the legal relation which exists between them is that of landlord and cropper. *Appling* v. *Odom*, 46 *Ga.* 583; *Hancock* v. *Boggus*, 111 *Ga.* 884 (2) (36 S. E. 970). The person employed to work for a part of the crop under such a contract is a cropper, and "the title to the crop, subject to the interest of the cropper therein, and the possession of the land, remain in the owner." Civil Code (1910),

§§ 3707, 3705-6. In the present case the plaintiff sought to recover in trover certain cottonseed and bales of cotton grown on his land by one Davis, and admitted to be in the defendant's possession. The plaintiff testified, that he furnished Davis "the land, stock, tools, and supplies for Davis to make a crop for the year 1915. All he furnished was the labor. I received one half of the cotton and two thirds of the corn and fodder. These were the terms on which I rented him the land." In response to a question propounded by the court the plaintiff said: "I rented Davis land on the terms above stated. I was to receive as rent one half of the cotton and two thirds of the corn and fodder." On redirect examination the witness said, "I rented Davis land on the terms above stated." His counsel then put the following question to him: "You furnished land, stock, tools, and supplies, and all he furnished was the labor?" He answered, "Yes." This evidence of the plaintiff strongly tended to establish the relationship of landlord and cropper between himself and the other party to the contract. The fact that he testified that he "rented" the land to the other party was in the nature of a conclusion of the witness, and did not, in view of the rest of his evidence, conclusively show that the relation of landlord and tenant existed between himself and Davis. The facts stated in his testimony, that he furnished the land, stock, tools, and supplies for the other party to make a crop, and that the latter furnished only the labor, tended to establish the relationship of landlord and cropper. The first great essential in the interpretation of a contract, whether written or oral, is to arrive at what was the real intention of the parties. It is not every contract which uses the word "rent," by way of description of what is to be paid for the use of property, that creates, in the case of real estate, the relationship of landlord and tenant. To determine what the real status between the parties is, it is necessary to look behind mere technical terms used in the contract and gather from the entire contract what is the legal relation established between them. *Blitch & Newton* v. *Edwards,* 96 *Ga.* 606 (24 S. E. 147); *Hays* v. *Jordan,* 85 *Ga.* 747, 748 (11 S. E. 833, 9 L. R. A. 373).

It follows from what is said above that the trial judge erred in granting a nonsuit on the ground, stated in the bill of exceptions,

that "the evidence did not show that the relation of landlord and cropper existed between Kiker and Davis."

Judgment reversed. *Jenkins and Bloodworth, JJ., concur.*