### 10198.   MEDLOCK v. MORGAN COUNTY BANK.

BROYLES, P. J.   1.   Under the facts of the case, the writing, on the back
of the mortgage-note, signed by the payees, was in effect a transfer of
the note to the Morgan County Bank.

2.   The assignments of error in the petition for certiorari, upon certain
rulings of the court during the trial of the case, to wit, "to which
ruling of the court claimant then excepted, and now excepts and assigns
the same as error of the court," are not specific enough to raise any
question for determination by this court, it not being alleged that the
rulings excepted to were contrary to law or to the evidence, or in
what particulars they were erroneous.

3.   In the state of the record it does not appear that the plaintiff made
out a prima facie case. The trial court therefore erred in directing
that the jury find the property subject.

4.   The trial court erred also in rendering a judgment that the plaintiff
in fi. fa. and the security on the bond have judgment against the de-
fendant for $225 principal and $41.90 interest to date. In a claim
case, where there is no supplemental equitable pleading converting it
into an equitable or quasi-equitable proceeding, the only issue is:   Is
the property subject?   *Timmons* v. *Mathis,* 9 *Ga. App.* 713 (2) (72 S.
E. 279). Even if the city court of Madison could "recognize and apply
equity principles to such an extent as to permit equitable pleas to be
filed, which, if sustained, would have the effect of defeating altogether
the plaintiff's legal cause of action" (*Hecht* v. *Snook & Austin Co.,* 114
*Ga.* 921, 927, 41 S. E. 74), no such plea was filed in this case, and it
remained a simple claim case.

5. The judge of the superior court erred in overruling the certiorari and refusing to grant a new trial.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*

DECIDED MAY 7, 1919.

Certiorari; from Morgan superior court—Judge Park. October 10, 1918.

On October 15, 1915, the Morgan County Bank, as transferee, foreclosed a mortgage executed by G. H. F. Chandler as security for a note embraced in the same instrument, dated May 1, 1915, by which he promised to pay on October 1, 1915, "to C. O. Medlock and E. A. Chandler two hunderd and twenty-five dollars," with interest. On the back of the note was written: "For value received we hereby guarantee the collection and payment of the within note to Morgan County Bank and consent to any extension, protest, demand, and notice of non-payment. C. O. Medlock, E. A. Chandler."

The mortgaged property was described in the mortgage as the mortgagor's crop of cotton consisting of 20 acres and crop of corn of 6 acres, and his half interest in his crop of 55 acres in cotton "being worked on halves with Mr. C. O. Medlock," on lands known as the old Walton place. The mortgage fi. fa. was levied on what was described in the entry of levy as a half interest in two bales of cotton weighing 500 pounds each, 2300 pounds·of seed-cotton in the house on C. O. Medlock's farm, and 55 acres in cotton "on said farm worked on halves by G. H. F. Chandler, estimated at 7 bales of cotton in the field, pointed out by defendant and found in possession of C. O. Medlock." Medlock filed a claim to the crops on his 55 acres of land. The claim case was tried in the city court of Madison, and, the verdict and judgment being adverse to the claimant, he sued out certiorari; the certiorari was overruled, and he excepted.

The petition for certiorari, after setting out testimony of the claimant (the only witness), says: "The court, on objection of the plaintiff, made the following ruling: 'I hold that the claimant in this case, having taken a mortgage to this half of the crop to himself and having transferred that mortgage to the Morgan County Bank, is estopped from setting up any claim to the property described in this mortgage. I rule out everything that Medlock has testified to in the case.' To which ruling of the court claimant then excepted, and now excepts and assigns as error to the court.

Medlock further swore as follows: 'G. H. F. Chandler was a cropper and worked for half of the crop, and the crops made on the land were not sufficient to pay the indebtedness on the supplies and labor upon it for that year in which the crop was grown.' By the court: 'I hold this: that if Chandler had given a mortgage on Medlock's mule to the Morgan County Bank and Medlock stood there and saw him mortgage the mule to the Morgan County Bank, and did not object to it, and let the Morgan County Bank furnish money to the mortgagor in this case, he would be estopped from setting up a claim to the property as against the Morgan County Bank.' To which ruling of the court claimant then excepted, and now excepts and assigns the same as error of the court. C. O. Medlock further testified: 'There had never been any division of this crop at the time of the levy, and the supplies furnished to make it had not been paid for to me.' Whereupon the court directed the jury to find the following verdict: 'We, the jury, find the property subject.' " Upon this verdict the court entered a judgment that the mortgage fi. fa. proceed againt the property levied on and "that the plaintiff in fi. fa. and the security in said bond have judgment against the defendant" for $225 principal and $41.90 interest to date. It is alleged: (1) That the directing of the verdict was error because it was contrary to law and the evidence and without evidence to support it. (2) That it was error because the mortgage fi. fa. and the mortgage as introduced in evidence showed that the Morgan County Bank had full knowledge and notice of the interest claimed by the mortgagee in the crops levied upon, and that the title to them was in C. O. Medlock. (3) That the judgment entered on the verdict is error because it is a money judgment, when it should only have directed that the fi. fa. proceed against the mortgaged property. (4) That the court erred in ruling out the evidence of C. O. Medlock as before set out, "to which exception was and is now taken, and claimant says same was error." (5) That the direction of the verdict was error because the undisputed evidence showed that the title to the crops at the time of the levy was in the claimant, and, while the mortgagor had a mortgageable interest in the crops, they could not be seized under mortgage foreclosure. On the contention that no case was made out by the plaintiff, counsel for plaintiff in error cited: 117 *Ga.* 749; 119 *Ga.* 196 (4); 88 *Ga.* 721. Title in landlord: Civil

Code (1910), §§ 3705, 3707; 10 *Ga. App.* 758; 20 *Ga. App.* 704; 16 *Ga. App.* 42 (2 *a*); 14 *Ga. App.* 311; 46 *Ga.* 583.

*M. C. Few, S. H. Sibley,* for plaintiff in error.

*E. H. George,* contra.