### 11887. HINES *v.* PORTER.

BROYLES, C. J.   1. A failure to comply with Rule 15 of this court, relating to filing and service of briefs, is not a ground for the dismissal of a writ of error. *Rogers* v. *Mayers,* 3 *Ga. App.* 69 (59 S. E. 309).

2. The motion to dismiss the bill of exceptions on the ground that the assignment of error therein is legally insufficient is without merit. The ruling of the judge of the superior court in dismissing the certiorari was distinctly excepted to and specifically assigned as error in the bill of exceptions, and the alleged reasons why such ruling was error were clearly stated therein.

3. The remaining ground of the motion to dismiss the bill of exceptions is without substantial merit.

4. Conceding, but not deciding, that this court erred in holding that it did not affirmatively appear that the certiorari had been applied for within thirty days from the date of the judgment complained of and in dismissing the certiorari on that ground, the judgment of dismissal will not be reversed by this court, since it is apparent from an examination of the entire record that practically the same result, viz., the overruling of the certiorari, would and ought to have been reached, if the case had been heard upon its merits. See, in this connection, *McPherson* v. *Stroup*, 100 *Ga.* 228 (28 S. E. 157); *Matthews* v. *City of Thomaston*, 21 *Ga. App.* 496 (94 S. E. 631), and authorities there cited.

5. This court not being convinced that the writ of error was prosecuted for the purpose of delay only, the request of defendant in error, that damages be awarded him, is denied.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 25, 1921. .

Certiorari; from Habersham superior court — Judge J. B. Jones. August 19, 1920.

A motion to dismiss the writ of error was made, on the following grounds: (1) No service of a brief has been perfected by the plaintiff in error on the defendant in error. (2) No sufficient assignment of error is made in the bill of exceptions. (3) The judgment complained of as being rendered by the superior court is not specified in the bill of exceptions or called for as a part of the record material to a clear understanding of the errors complained of.

The bill of exceptions states that on August 19, 1920, during the August term of the superior court of Habersham county, there came on to be heard before the judge of that court the case of J. K. Hines *v.* D. C. Porter, " the same being a certiorari to review the judgment of the justice court of -the 977th district G. M. of said county, in the case of D. C. Porter against J. K. Hines, the same being the foreclosure of a special lien before M. A. Ivester, N. P., and J. P. (ex officio) of said district. On the said hearing on August 19, 1920, counsel for said D. C. Porter moved to dismiss the said certiorari on the ground that it did not affirmatively appear that the certiorari was applied for within 30 days from the rendition of the judgment complained of. On said day the court sustained said motion and dismissed said certiorari, to which ruling J. K. Hines, plaintiff in said certiorari,

then and there excepted and now excepts and assigns the same as error, on the ground that it does affirmatively appear from the application for said certiorari and the papers in said case the same was applied for within 30 days from the rendition of the judgment complained of, it being alleged in the petition for certiorari that it was applied for within 30 days from the rendition of said judgment, and it further appearing that the execution issued upon the foreclosure of the lien sought to be enforced was made returnable to the April term, 1919, of the justice court of the 977th district G. M. of said county, to be held on the 28th day of April, 1919, being the fourth Monday in April, 1919, thus showing that the terms of said justice court were held on the fourth Monday in each month, and it further appearing from the record in said case that the judgment complained of was rendered at the May term, 1919, of said justice court, being one of the regular monthly terms of said justice court, and which was necessarily held on the fourth Monday in May, 1919, or on May 26, 1919. ”

*W. S. Erwin, Hines, Hardwick & Jordan,* for plaintiff.
*J. C. Edwards & Sons,* for defendant.