## WILLIAMSON v. HARRY L. WINTER INCORPORATED.

1. In an ordinary levy and claim case the sole issue is as to whether or not the property levied upon is subject to the execution.
(a) Accordingly, it was not error for the court to disallow an offered amendment to the claim affidavit, which amendment is quoted fully in the first division of the opinion.
(b) The rulings of the court on the question of the inadmissibility of certain evidence set out in the opinion, and the charge of the court, being in accord with the above ruling, were not error.
2. In view of the entire charge as set out in the 3rd division of the opinion on the subject of estoppel, there is no merit in the criticism that the court failed to charge as contended in the third ground of the motion for new trial.
3. The evidence, though conflicting, authorized the verdict, and the court did not err in refusing a new trial.

No. 3746. NOVEMBER 17, 1923.

Claim. Before Judge Hardeman. Toombs superior court. March 12, 1923.

*C. W. Sparks* and *A. C. Saffold,* for plaintiff in error.
*I. H. Corbitt* and *Lankford & Rogers,* contra.

HILL, J. The Sessions Loan & Trust Company made a loan of $3,000 to Norman M. Williamson on December 27, 1915, and took as security therefor a note and deed to secure the debt, conveying 280 acres of land, the same being in one tract. The note and deed were transferred to Harry L. Winter Inc., the defendant in error. When the indebtedness became due the defendant in error brought suit against Norman M. Williamson, and obtained a special lien on the 280 acres of land. The defendant in error executed a quitclaim deed to the land to Norman M. Williamson, had it recorded, and the land was then levied on, when the plaintiff in error filed a claim to fifty acres of the land. Upon the trial of the issue thus raised the claimant offered an amendment to the claim affidavit; and the court, upon motion of the plaintiff in fi. fa., struck paragraph two of the amendment and allowed paragraph one. To this ruling the plaintiff in error excepted pendente lite. Upon the trial of the case the jury returned a verdict finding the land subject. The claimant filed a motion for new trial, upon the usual general grounds, and an amendment to the motion.

1. Exception is taken to the disallowance of the second paragraph of the amendment to the claim affidavit, which is as follows: " That the land levied upon, not claimed and owned by him, will

at public sale bring a sum sufficient to pay plaintiff's judgment, principal, interest, attorney's fees, and all costs. Therefore claimant prays that if as a matter of law, under the aforementioned facts, he is estopped to claim the land to which he has filed his claim, that then and in that event the land levied upon in which he claims no interest be sold first to pay plaintiff's said debt, and if the jury should find as a matter of fact that the land claimed by him is subject to plaintiff's judgment and fi. fa., they would so mould their verdict as to provide that the land levied upon not owned and claimed by him be first sold, and in the event it failed to bring a sum sufficient to pay plaintiff's judgment, including principal, interest, attorney's fees, and all costs, then the land owned and claimed by him be sold to satisfy and pay the remainder due the plaintiff, and that the court enter a decree carrying into force and effect the verdict of the jury so rendered." We are of the opinion that the court did not err in disallowing the above amendment. In this State a judgment binds all of the property of the defendant therein from its date, and equity will not compel the plaintiff in fi. fa. to levy on only a portion of the property of the defendant subject to the execution. See *Barden* v. *Grady,* 37 *Ga.* 660; *Fleishel* v. *House,* 52 *Ga.* 60.

Error is assigned because the court excluded certain evidence of the claimant in answer to a question as to what "this tract of land is worth if the fifty acres you claim is not included," and the expected answer that "if this land at public sale — that land other than the fifty acres which he claims and owned by him would bring a sum sufficient at public sale to discharge this debt, principal, interest, and attorney's fees, and all costs." The rejection of this evidence was not error. Nor was it error for the court to charge the jury: "The sole question and the only question to be passed on by the jury in this case is, as I conceive the law, under the law and evidence, is this property subject? Whether or not this 230 acres remaining after carving out the fifty acres is sufficient to pay this debt or not, is not a matter to be considered by the jury, or to influence you in arriving at a verdict in this case." We think that the trial judge correctly instructed the jury that the sole issue to be passed on by the jury was as to whether the property levied on, which includes the fifty acres claimed in this case, was subject to the execution. *Bryan* v. *Simpson,* 92 *Ga.*

307 (18 S. E. 547); *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (3) (33 S. E. 73).

2. Error is assigned on the failure of the court to charge the jury, " that before the claimant would be estopped by any of his acts, as contended by the plaintiff in fi. fa., as shown by the testimony that some injury must accrue or be suffered by the plaintiff in fi. fa." The court charged the jury: " If there was no such gift by N. M. Williamson to A. L. Williamson as that, then you find this property subject. On the other hand, if there was a gift of that character, then I charge you that where a man is in possession of property, his possession is notice to all the world of whatever right, title, or interest he actually has in the premises. If there was no such gift, find the property subject. If there was such a gift, then go further and determine whether or not A. L. Williamson was guilty of such conduct, such silence, such knowledge of things, and if his conduct was such as to estop him now from setting up his title against the parties who took this deed. If he did, even though he may have had a gift from his father as he contends, I charge you, gentlemen, that he would be estopped. I charge you that if there was a gift from the father to the son, if the son understood that the father was making an application for this loan, and that the son, A. L. Williamson, pointed out this fifty acres of land to the representative of the loan company, and if he was a chain carrier that went there and led them to believe that this fifty acres belonged to the father, N. M. Williamson, then I charge you gentlemen, that he would be estopped from setting up such title. The law declares, in this code section, that a fraud may be committed by acts, silence, or words; and one who silently stands by and permits another to purchase his property, without disclosing his title, is guilty of such fraud as estops him from subsequently setting up his title against such person. Now, it is a question for the jury to say whether or not the conduct of A. L. Williamson, his silence, his words, his conduct, was such, even though he may have had title by reason of the gift, as would estop him from asserting that title as against the party who took for value, the Sessions Loan Co., and Harry L. Winter as transferee of such party. The law declares further that where a man has title to property and another person makes a deed to a third party, and I charge you, that if the true owner, knowing the con-

tents of the deed, becomes a subscribing witness to the conveyance that conveys the property to which he claims the title, he would be estopped in law and in equity from thereafter asserting his title. If, in this case, A. L. Williamson knew that this deed to the Sessions Loan Co. included the fifty acres of land which he is now claiming, 280 acres of land including the fifty, if he knew that and then he went and witnessed this deed for these people as a subscribing witness, then I charge you, gentlemen of the jury, he is estopped and he can not come into court now and set up his title to this property. He would be estopped and the property would be subject to this execution. Those are the various principles of law applicable to it, gentlemen. I give in charge this code section: that in order for an equitable estoppel to arise, there must be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to a constructive fraud by which another has been misled to his injury." In view of the above charge there is no merit in the assignment of error that the court failed to charge as set out in the third ground of the motion for new trial, supra.

3. The evidence, though conflicting, was sufficient to support the verdict, and the court did not err in overruling the motion for new trial.    *Judgment affirmed.    All the Justices concur, except*

Russell, C. J., dissenting. I know of no decision that constrained the trial judge to refuse the amendment to the equitable claim, or to exclude the evidence which was offered. I agree thoroughly in the propositions that the claimant could not, after having carried the chain and witnessed the deed, have been in a position to avoid the security deed. However, in a court of equity, where one has borrowed money, and the deed, though conveying title, is given purely for the purpose of securing that indebtedness, and a division can be effected without injury to the creditor, I cannot see how he can also claim the right to injure others in order to collect his debt.