## BANK OF STATESBORO *et al. v.* WATERS.

1. Where by her will a testatrix gave to her husband a life-estate in land, and directed that at the death of her husband the executors of the will should sell the property, and further provided that the proceeds of such sale should be divided into a stated number of equal parts and distributed in equal shares to nine named devisees, the named distributees took a vested interest in the property.

Receivers, 34 Cyc. p. 73, n. 59; p. 310, n. 38.
Wills, 40 Cyc. p. 1657, n. 37.

2. Where the claim of creditors of one of the devisees was reduced to judgment upon which execution was issued, and the defendant in fi. fa. was afterwards adjudicated a bankrupt on his voluntary petition, and caused his interest in the land set apart to him as a homestead by the ordinary of the county of his residence, and this homestead was affirmed and allowed by the referee in bankruptcy, the property being released from the custody and jurisdiction of the bankruptcy court, the defendant's interest in the land devised, relatively to these judgment creditors, became equitable assets of his, inasmuch as his interest in the property could not be seized or levied upon at law; and a court of equity, which is required to favor the rights of creditors and which is clothed with the power to assist creditors in reaching ' equitable assets, should, upon proper application, appoint a receiver and grant injunctive relief to prevent the assets from being endangered; and the receiver appointed under the prayers of such a petition should either bring to sale the defendant's interest in the estate, or take such steps as will, subsequently to the death of the life-tenant, preserve them and apply them to the debts of the judgment creditors.

No. 6085.　February 28, 1928.

Equitable petition. Before Judge Meldrim. Chatham superior court. May 23, 1927.

, J. F. Waters was adjudicated a bankrupt on his voluntary. petition on November 2, 1925, at which time he was the owner of a certain interest in the 202-acre tract of land described in the petition. His ownership was derived from the will of his mother, Sarah E. Waters, who devised a life-interest in the land to her husband, James S. Waters, and directed that after his death the land be sold by the executors and the proceeds divided equally among her nine children, including J. F. Waters. The life-tenant is still living. The Bank of Statesboro and the Savannah Guano Company, plaintiffs, are holders of judgments against J. F. Waters, rendered more than four months prior to his adjudication in bankruptcy. The judgment in favor of the bank is dated December 9, 1924, and is based on a homestead-waiver note dated January 21, 1920. The judgment in favor of Savannah Guano Company is dated January 14, 1925, and is based on a homestead-waiver note dated April 20, 1923. Plaintiffs by equitable petition sought (1) to enjoin the defendant from selling or encumbering his interest in the land, and (2) to have a receiver appointed to sell the defendant's interest in the land and apply the proceeds to plaintiffs' judgments. It is contended that the homestead set apart to the defendant, even if otherwise good and valid, is not effectual against plaintiffs' homestead-waiver judgments of older date, and

54

that the defendant's. interest in the land is subject to the lien of said judgments. The issues made by the pleadings were submitted to the court without the intervention of a jury, upon an agreement of facts substantially as follows:

J. F. Waters is indebted to plaintiffs in the sums alleged in their petition, upon waiver-of-homestead promissory notes reduced to judgment as therein set forth, and for the amounts claimed. By the will of Sarah E. Waters, mother of J. F. Waters, he became the owner of an interest in the land described in plaintiffs' petition. Item 2 of the will is as follows: "I give and bequeath to my beloved husband, James S. Waters, a life-estate in all my property of every kind, both personal and real estate [describing the real estate]. All of said property to be the property of said James S. Waters for and during his life, and at his death I desire and request that my executors hereinafter named sell the property, both real and personal, and that the proceeds of said sale of said property be divided into nine equal parts, that my children [naming them, including James F. Waters] receive each a one-ninth interest and the other one-ninth interest be equally divided among my grandchildren [named]. I have heretofore settled with Bertie Waters for her interest in my property and for that reason I make no provision in this will for her." On November 2, 1925, J. F. Waters on his voluntary petition was adjudicated a bankrupt in the United States district court, and has not been granted a discharge; and plaintiffs filed in said court a motion to stay said discharge, which motion was granted. J. F. Waters applied to the ordinary of Bulloch County, where he then resided, and had his interest in said land set apart to him as a homestead by order dated October 30, 1925, which homestead, on November 30, 1925, was affirmed and allowed by the referee in bankruptcy, and said property released from the custody and jurisdiction of said bankruptcy court, without the appointment of a trustee. J. F. Waters is insolvent, and has no other property except the interest in said land.

The court denied the prayers of the petition, and dismissed the action. The plaintiffs excepted.

*Howell Cone, David S. Atkinson,* and *Hinton Booth,* for plaintiffs.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court should have granted the prayers of the

petition for injunction and the appointment of a receiver. It is true that under the item of the will of the mother of the defendant in fi. fa., from which will the latter derived his title to the interest in the property in question, he had no such interest in the property devised to the executor as could be seized or levied on under the execution issued upon the judgments in favor of the plaintiffs in this case. Under the terms of the item of the will quoted, the title to the property vested in the executor, to be disposed of in conformity to the will. *Harris* v. *Kittle,* 119 *Ga.* 29 (45 S. E. 729.). By the terms of the will a vested remainder was created in the specified part of the proceeds of the sale of the land in favor of the testatrix's son, the defendant in fi. fa. Under the ruling in the *Kittle* case, this could not be seized or levied on at law for the son's debts. But the son's interest in the estate devised was assets belonging to him; and as the assets were of such a nature that they could not be levied upon or seized at law, relatively to judgment creditors whose rights to have assets of their debtor applied to the satisfaction of judgments in their favor, these assets in the present case became equitable assets; and in section 3217 of our Code it is provided that "Courts of equity should assist creditors in reaching equitable assets in every case where to refuse interference would jeopard the collection of their debts." To refuse equitable interference under the circumstances of this case would "jeopard the collection" of the debts in question. In the case of *Sayre* v. *Flournoy,* 3 *Ga.* 541, it was said: "A court of equity will aid a judgment creditor who has pursued his legal remedies to every available extent, to reach a distributive share of an estate to which an insolvent debtor is entitled in his *own right,* in the hands of an administrator, held *in trust* for such judgment debtor." And in the course of the opinion in that case it was further said: "The fact that the judgment creditor has exhausted all his legal remedies, without obtaining satisfaction of his judgment, gives him a right to come into a court of equity and ask its assistance to reach the fund in the hands of the administrator, held *in trust* for the judgment debtor; and the *insolvency* of the judgment debtor, in our judgment, greatly strengthens the complainants' equity; for if the administrator should pay over to the debtor the fund held in trust for him, it might be squandered, misapplied, and placed entirely beyond the reach of the creditor."

Whether the order and judgment of the ordinary setting apart the debtor's interest in the tract of land to him as a homestead would be held invalid if it were subsequently attacked and objected to, in proceedings instituted by a party having such an interest in the property as would authorize him to make the attack upon the homestead, we do not think that the defendant in this case can attack it on the ground that it is invalid; he is estopped to do so; for the setting aside of the homestead was upon his application, and it was afterwards affirmed and allowed by the referee in bankruptcy, and the property constituting the homestead was released from the custody and jurisdiction of the bankruptcy court. If the plaintiffs' prayer for injunction and the appointment of a receiver in this case be not granted, the assets in question will be endangered, and endangered to such an extent that unless the plaintiffs in fi. fa. keep an outlook for the happening of the event that terminates the estate of the life-tenant, upon the happening of that event the executor will sell the land in question and distribute the proceeds thereof, paying to the defendant in these fi. fas. his proportion of the proceeds, and the debt of the judgment creditors will be lost. Of course, if they were so extremely diligent as to watch for the death of the life-tenant and immediately after his death should garnishee the executor, they might in his hands catch and hold the share of the defendant in fi. fa. in the proceeds arising from the sale of the land. But a court of equity will not require this extraordinary diligence on the part of creditors having an unquestionable right to have the debtor's assets applied to their debt; for by the grant of the injunctive relief sought and the appointment of a receiver the collection of the debts involved here, to the extent of the value of the debtor's interest in the estate, may be preserved and enforced. The decree might be so framed as to authorize the receiver to sell the interest in the estate belonging to the defendant in fi. fa. under terms prescribed by the court; for it is a vested interest and has a present value.

For the reasons stated we think the court should not have denied the prayers of the plaintiffs and dismissed the case.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., and ATKINSON, J., concur in the judgment of reversal, but they are of the opinion that the trial judge properly

refused the appointment of a receiver, and should have granted an injunction restraining the defendant from encumbering or disposing of his interest in the estate.