No. 12618. JANUARY 11, 1939.

### GORMLEY, superintendent of banks, *et al. v.* CLEAVELAND, executrix, *et al.*

No. 12508. JANUARY 12, 1939.

460

*Raymond W. Martin,* for plaintiffs.
*Henry Reeves,* for defendants.

BELL, Justice. ■ Under the terms of the will the legal title to all of the property of the testator vested in the executrix to be disposed of in conformity with that instrument. It follows that the defendant in execution, who was a son of the testator and a legatee under the will, had no interest in the estate which could be seized by a levy under the execution. *Avery* v. *Sims,* 69 *Ga.* 314; *Harris* v. *Kittle,* 119 *Ga.* 29 (45 S. E. 729) ; *Anglin* v. *Hooper,* 153 *Ga.* 734 (113 S. E. 195) ; *Peck* v. *Watson,* 165 *Ga.* 853 (142 S. E. 450, 57 A. L. R. 560) ; *Willingham* v. *Watson,* 165 *Ga.* 870 (142 S. E. 458) ; *Refinance Corporation of Georgia* v. *Wilson,* 183 *Ga.* 336 (188 S. E. 707). Compare *Goldman* v. *Dent,* 102 *Ga.* 9 (29 S. E. 138) ; *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10) ; *Cook* v. *Securities Investment Co.,* 184 *Ga.* 544 (192 S. E. 179). Nor was the process of garnishment, if at all available, a complete and adequate remedy under the facts appearing. *Commercial City Bank* v. *Clay,* 147 *Ga.* 386 (94 S. E. 303). Under the allegations, however, the son appeared to have some interest in the estate which might be reached and applied to the plaintiff's judgment by a court of equity; and since the plaintiff in execution either had no legal remedy or none as complete and effectual as equitable relief, he was entitled to resort to a suit in equity. *Bank of Statesboro* v. *Waters,* 165 *Ga.* 848 (142 S. E. 156). While the plaintiff did not allege the value or extent of the defendant's interest, it was not incumbent upon him to show the condition of the estate in the hands of the executrix. *Kupferman* v. *McGehee,* 63 *Ga.* 250 (5) ; *Morrison* v. *Hilburn,* 126 *Ga.* 114 (3) (54 S. E. 938). The fact that the will permitted encroachment upon the corpus of the estate for named purposes does not determine that the defendant in execu-

tion has no equitable or assignable interest in the estate as a legatee under the will. This fact merely created a contingency with respect to an event, and did not deprive this legatee of a present interest in the property. Code, § 85-704; *Melton* v. *Camp,* 121 *Ga.* 693 (49 S. E. 690) ; *Cochran* v. *Groover,* 156 *Ga.* 323, 332 (118 S. E. 865) ; *Johnson* v. *Johnson,* 158 *Ga.* 534 (2) (124 S. E. 18) ; *Todd* v. *Williford,* 169 *Ga.* 543 (150 S. E. 912) ; *Cooper* v. *Davis,* 174 *Ga.* 670 (163 S. E. 736).

■ The petition did not show upon its face that the right of the plaintiff to proceed as in the present suit was adjudicated against him in the claim case. As a general rule, the only issue in a claim case is whether the property is subject to the execution. *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (3) (33 S. E. 73) ; *Widincamp* v. *James,* 129 *Ga.* 279 (2) (58 S. E. 836) ; *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951) ; *Williamson* v. *Harry L. Winter Inc.,* 156 *Ga.* 779 (120 S. E. 602) ; *Timmons* v. *Mathis,* 9 *Ga. App.* 713 (72 S. E. 279) ; *Medlock* v. *Morgan County Bank,* 23 *Ga. App.* 710 (4) (99 S. E. 227) ; *Newsome Lumber Co.* v. *Ramsey Motor Co.,* 36 *Ga. App.* 194 (136 S. E. 166). It is true that under the will the defendant in execution did not have any leviable interest in the property involved in the claim case, and it does not appear that any other issue was adjudicated in that proceeding. *McLendon* v. *Shumate,* 128 *Ga.* 526 (2) (57 S. E. 886).

Where a judgment is relied on to establish an estoppel, the burden is on the party relying on the former judgment to show that it is valid, and that the particular matter in controversy was necessarily or actually determined in the former litigation. *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650) ; *Hunter* v. *Associated Mortgage Companies Inc.,* 183 *Ga.* 506, 508 (188 S. E. 700) ; *Goodwin* v. *Bowen,* 184 *Ga.* 408 (191 S. E. 691) ; *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260). Since it does not affirmatively appear that any of the present issues were adjudicated adversely to the plaintiff in the claim case, or that the instant suit is in any way inconsistent with the adjudication in that proceeding, there is no merit in the contention that the present action is barred by the former judgment. The petition stated a cause of action, and the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*