28013. LITTLE *v.* PEOPLES BANK.

DECIDED FEBRUARY 15, 1940.

*W. H. Little,* for plaintiff in error. *Ezra E. Phillips,* contra.

SUTTON, J. A mortgage fi. fa., issued in favor of the plaintiff on the foreclosure of a bill of sale as if it were a chattel mortgage, was levied on certain property of the defendant, who filed an affidavit of illegality thereto in the justice's court on the following grounds: (1) That the plaintiff in fi. fa. claimed principal and interest as one lump sum, instead of dividing the total into one sum as principal and one sum as interest; (2) that where the plaintiff in fi. fa. files a copy of the alleged mortgage instead of the original mortgage with his affidavit of foreclosure, the copy of the mortgage must bear an affidavit thereon verifying the same as a true and correct copy, and that the one filed did not bear such certification.

The justice of the peace dismissed the affidavit of illegality, on motion of counsel for the plaintiff, on the ground that it constituted no defense to the action. The defendant carried the case to the superior court by certiorari, and the petition for certiorari, after setting out the grounds of the illegality as above stated, alleged that the plaintiff's motion to dismiss the illegality was sustained and "W. H. Little excepted;" that the justice of the peace erred in dismissing the illegality, which ruling "your petitioner assigns as error." The plaintiff moved to dismiss the certiorari proceeding on the grounds: (1) That the petition did not plainly, fully, and distinctly set forth the errors complained of; (2) there was no sufficient assignment of error in the petition for certiorari. The court sustained this motion and dismissed the certiorari and the defendant excepted.

■ The petition for certiorari failed to point out any reason why the ruling complained of was error, and, under the rulings in *Martin* v. *Cooley,* 17 *Ga. App.* 376 (86 S. E. 947); *Medlock* v. *Morgan County Bank,* 23 *Ga. App.* 710 (2) (99 S. E. 227); *Chan* v. *Judge,* 36 *Ga. App.* 13 (134 S. E. 925); *Grant* v. *State,* 48 *Ga. App.* 162 (172 S. E. 89), and the cases cited therein, there was no valid assignment of error, and the court did not err in dismissing the certiorari.

■ Furthermore, a consideration of the case on its merits shows that the affidavit of illegality failed to set out any valid defense to the foreclosure of the bill of sale, and for this further reason it was not error to dismiss the certiorari. The ground of the affidavit of illegality, that the principal and interest were stated in one lump sum, without being separated, was without merit. The affidavit to foreclose and the answer of the justice of the peace to the petition for certiorari showed that the foreclosure proceeding was for $90.40 principal, and that no interest was claimed or asked for. Also, the affidavit to foreclose and the answer of the justice of the peace to the petition for certiorari showed that the copy of the bill of sale attached to the foreclosure affidavit was sufficiently verified to meet the requirements of Code, § 67-701, it being recited in the affidavit that the indebtedness was upon the bill of sale, a copy of which deponent verified as a true, correct, and exact copy of said bill of sale, and the same was attached to the affidavit. *Thigpen* v. *Vidalia Chemical Co.,* 42 *Ga. App.* 563 (156 S. E. 635). So, the same

result was reached by the dismissal of the certiorari as would have been reached by a consideration of the case on its merits, that is, it would or should have been overruled on its merits, and in such case the judgment of the trial court will be affirmed. *Hines* v. *Porter*, 26 *Ga. App.* 178 (4) (106 S. E. 16); *Anderson* v. *West Lumber Co.*, 51 *Ga. App.* 333 (179 S. E. 738).

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., concurs only in the second division of the opinion, the corresponding headnote, and the judgment.*