27233. EPPS AIR SERVICE, INC. v. LAMPKIN.

ARGUED OCTOBER 11, 1972—DECIDED DECEMBER 4, 1972.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., J. Arthur Mozley,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for appellee.

MOBLEY, Chief Justice. This case is before this court on grant of the writ of certiorari. See *Epps Air Service v. Lampkin,* 125 Ga. App. 779 (189 SE2d 127).

Epps Air Service, Inc., sued Lampkin on an open account. Lampkin filed a counterclaim for an amount which he alleged Epps Air Service owed him for salary. When the case was tried, without the intervention of a jury, the trial judge rendered judgment for Epps Air Service on the open account, and judgment for Lampkin in the sum of $13,404,

plus interest, on his counterclaim. Epps Air Service appealed from that judgment.

The issues between the parties on the counterclaim grew out of a contract of purchase by Epps Air Service of the aviation business of Lampkin. The purchase price was $50,000, evidenced by a promissory note of $35,000, payable in instalments of $1,000 per month, and an indebtedness of $15,000, payable from one-half of the net profits of the flight department. The contract provided that Lampkin should become an employee of the purchaser, in charge of the flight department, at a salary of $1,000 per month, and that the purchaser could terminate the employment "only for justifiable causes" so long as the purchaser is obligated to the seller under the contract. Epps Air Service discharged Lampkin, and he sued to recover salary which he alleged was due him under the contract.

Two issues were decided by the Court of Appeals, contrary to the contentions of Epps Air Service, and the rulings on both issues are assigned as error in the application for certiorari.

1. Epps Air Service contends that the Court of Appeals erred in holding, in the first division of its opinion, that the evidence did not demand a finding that a promissory note for $13,500, executed by Epps Air Service, Inc., to Lampkin, personally endorsed by Ernest P. Epps, payable in instalments of $500 per month, which note was given in lieu of the balance of the indebtedness of $15,000, payable from the net profits of the flight department, was an accord and satisfaction for the entire contract.

We have carefully examined the first division of the opinion of the Court of Appeals, and conclude that the correct result was reached in that division. We therefore affirm this ruling by the Court of Appeals.

2. In the second division of the opinion of the Court of Appeals it was held that a decision by the State Department of Labor, Employment Security Agency, could be pleaded and proved as an estoppel against Epps Air Service on the question of whether Lampkin was discharged "for

justifiable causes," and that the trial court did not err in excluding testimony on the question of whether Lampkin was discharged "for justifiable causes" under the terms of the written agreement.

After his discharge Lampkin applied for unemployment compensation. By an amendment to his counterclaim he asserted that the administrative decision of the State Department of Labor, entered after an appearance by both parties in the present case, decided the question of whether Lampkin had been discharged for justifiable causes, and that Epps Air Service was estopped from offering evidence to prove that his discharge was for justifiable causes. The record introduced in support of the alleged estoppel contains decisions of the referee and the board of review. The decision of the board of review was not appealed to the superior court.

The referee's decision stated that Lampkin had appealed to the referee from a holding that he was subject to the forfeiture provisions of Section 16 (f) of the Unemployment Compensation Act (*Code Ann.* § 54-648.2; Ga. L. 1950, pp. 38, 48), in knowingly misstating the fact that his separation was due to lack of work, when it terminated because of arguments with customers and fellow workers. The referee concluded that a preponderance of the evidence led to the conclusion that Lampkin was discharged for the convenience of the employer and not because he failed to maintain proper relations with customers and employees under his supervision.

The referee's decision affirmed as to the application of Section 16 (f) of the Act; and held that Lampkin was discharged, but not under conditions requiring postponement and cancellation of unemployment benefits. Both Lampkin and Epps Air Service appealed from this decision.

The board of review held that the evidence did not establish that Lampkin had knowingly failed to disclose a material fact or made a false statement with the intent to collect unemployment insurance to which he was not otherwise entitled. It stated that the findings to which the em-

ployer appealed were not material to a decision in the matter "since it involved only Section 16 (f) of the Law."

The final decision in the unemployment compensation matter shows plainly that the only question determined was whether Lampkin had made a false statement about his separation from employment which would subject him to forfeitures under § 16 (f) (*Code Ann.* § 54-648.2).

Although § 5 (b) (*Code Ann.* § 54-610; Ga. L. 1950, pp. 38, 43; Ga. L. 1966, pp. 526, 529), requiring penalties where the claimant was discharged "for failure to obey orders, rules or instructions or the failure to discharge the duties for which he was employed," was mentioned in the referee's statement, neither the referee's decision, nor the decision of the board of review dealt with this provision.

The issue in the present case as to whether Epps Air Service discharged Lampkin "for justifiable causes" under the terms of the written contract, was not, and could not have been, decided by an administrative decision of the State Labor Board, since the decisions dealt only with the question of whether Lampkin had made a false statement about his separation from his employment, and the issue under *Code Ann.* § 54-610 is much more limited than the issue under the contract.

An administrative decision may act as an estoppel in a judicial proceeding involving the same parties only where the issue decided by the administrative body is the same as that involved in the litigation. 2 AmJur2d 312, 314, Administrative Law, § 502. Compare: *Winkles v. Simpson Grocery Co.,* 138 Ga. 482 (2 b) (75 SE 640); *Gormley v. Cleaveland,* 187 Ga. 457, 461 (200 SE 793).

The Court of Appeals erred in affirming the action of the trial judge in allowing in evidence the record of the Employment Security Agency of the State Department of Labor, and in excluding testimony offered by Epps Air Service on the issue of whether Lampkin was discharged "for justifiable causes."

*Judgment reversed. All the Justices concur.*