A89A0765. HUNTER v. THE STATE.
(382 SE2d 679)

BEASLEY, Judge.

Defendant was convicted of driving under the influence, OCGA § 40-6-391 (a) (1), and failure to drive within the proper lane of traffic, OCGA § 40-6-48 (1). The primary issue was whether he refused the statutory chemical test. OCGA § 40-5-55.

Defendant was seen by two University of Georgia police officers at 2:15 a.m. on the campus of the university. He pulled out of a parking lot into a four lane road. After he pulled into his lanes, his front wheels crossed the double centerline. The officers followed him and defendant began to exceed the speed limit and weaved across the lines. The police turned on their blue lights and attempted to pull defendant over; he continued for .7 of a mile before stopping. Defendant failed two out of three field tests. He refused to take an Alco-Sensor test and was arrested. An empty beer can and bottle were seen in the car. The officers repeatedly read to him the implied consent

warnings, which he said he did not understand. The warnings were re-read on the way to the police station and explained in everyday language, but defendant continued to say he did not understand. He was asked at the station if he knew how to read and was given the warning advice card which he appeared to read. When Officer Ahmed began administering the intoximeter test and asked if he would blow into the tube, he continued to say he didn't know, he didn't understand.

Officer Thompson, who was observing, took this as a non-verbal refusal. According to test administrator Ahmed, defendant at one point said he would take the test, she told him to blow into the tube, and he said he was not sure and asked for another explanation. The machine cleared itself and would have had to be reprogrammed before the test could be administered again. At this point the officer told him he could not take the test.

The State moved in limine at the beginning of trial to exclude from evidence any mention of the fact that defendant's license, which had been suspended pursuant to OCGA § 40-5-55 (c), had been reinstated by the State Patrol hearing officer. Defendant sought a ruling that the following letter signed by the hearing officer was admissible as probative of the issue of his refusal to take the test pursuant to OCGA § 40-6-392 (c): "You are hereby officially notified by the Department of Public Safety that your driver's license will not be suspended under the Implied Consent Law and that the six months' suspension under said law is hereby withdrawn." The grant of the State's motion and the exclusion of this letter are asserted as error.

Defendant acknowledges that the status of his driver's license as a result of the OCGA § 40-5-55 hearing is not relevant to the issue of whether he was driving under the influence. He urges that since a substantive hearing was held and one of the arresting officers and he both testified, the reinstatement of his license amounted to res judicata as to his refusal to take the test and was admissible under OCGA § 40-6-392 (c). It provides: "In any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him."

Defendant cites *Sheffield v. State*, 184 Ga. App. 141 (361 SE2d 28) (1987) (physical precedent only) and *Wyatt v. State*, 179 Ga. App. 327 (346 SE2d 387) (1986), distinguishing them but using their language to urge support for his position. In both cases, and in *Smith v. State*, 180 Ga. App. 309 (349 SE2d 4) (1986), license suspensions were administratively withdrawn due to the failure of the arresting officer to appear at the hearing.

"In *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970), the U. S. Supreme Court held that the doctrine of collateral

estoppel is embodied in the guarantee against double jeopardy. The court stated that collateral estoppel itself 'stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . .' *Ashe* at 443." *Moore v. State*, 254 Ga. 674, 675 (333 SE2d 605) (1985); *Salcedo v. State*, 258 Ga. 870 (376 SE2d 360) (1989); *Riley v. State*, 181 Ga. App. 667, 668 (1) (353 SE2d 598) (1987); *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) (1986).

" 'Res judicata' is a broad term which includes the doctrine of estoppel by judgment. [Cit.]. . . . The distinction between the two is that res judicata also requires an identity of the cause of action, whereas estoppel by judgment applies to a different cause of action. Id. However, there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered or as to such matters which are shown to have been actually litigated and determined." *McFadden Bus. Publications v. Guidry*, 177 Ga. App. 885, 887 (1 b) (341 SE2d 294) (1986).

While an administrative decision may act as an estoppel in a judicial proceeding involving the same parties, that is appropriate only where the issue decided and the parties in the administrative proceeding are the same as those involved in the litigation. *Epps Air Svc. v. Lampkin*, 229 Ga. 792, 795 (2) (194 SE2d 437) (1972).

The letter proved only that the license suspension was withdrawn. It shed no light on whether defendant had refused the test; it did not contradict the evidence that he had. Since it was not probative of that issue, for which it was offered, it was not error to exclude it. Even if the doctrine applies to administrative license suspension hearings as related to D.U.I. criminal proceedings, the letter fell short of fulfilling the requirements for invoking the doctrine. *Boozer v. Higdon*, 252 Ga. 276, 277 (1) (313 SE2d 100) (1984).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

Decided May 16, 1989 —
Rehearing denied June 2, 1989.

*Galis & Packer, Denny C. Galis*, for appellant.
*Ken Stula, Solicitor, Kristopher Shepherd, Assistant Solicitor*, for appellee.