## 69524, 69525. MOORE v. THE STATE (two cases).
### (328 SE2d 380)

POPE, Judge.

Clarence Moore brings these appeals from his conviction of two armed robbery charges. These cases were tried together, and appellant's two enumerations of error challenge the trial court's rulings which allowed the State to introduce evidence of a previous armed robbery of which appellant had been tried and acquitted.

As is pertinent to the issues on appeal, the State introduced a statement given by appellant to the police after his arrest in this case. In the statement appellant admitted his participation in the two armed robberies in Chattooga County for which he was on trial. The robberies were of a convenience store and of a customer who arrived at the store while the robbery was in progress. Appellant identified Earl Shropshire and an individual by the name of Willie as the two who entered the store. Shropshire had a gun. Appellant remained outside the store and was the driver of the getaway car, a green Chevrolet belonging to Shropshire. The money and other valuables taken in the robberies were divided up among the three perpetrators. Appellant explained his participation in the crimes as a need for money. Over strenuous objections, the State was subsequently allowed to introduce a statement appellant had given to police following his arrest for the armed robbery of a convenience store in neighboring Walker County. Appellant had been tried and acquitted of this crime. Nonetheless, in his statement appellant admitted his participation in the crime. His statement disclosed that he drove Shropshire's Chevrolet to a location near the target convenience store. He waited at the car while Shropshire, who was armed, and one Willie Moseley entered the store. The three later split the money three ways. In explaining his participation in this crime, appellant stated that he needed the money to pay his gas and electric bills because he did not want to see his daughter in the cold and without lights.

1. Appellant first argues that the State's use of his statement from the Walker County trial, at which he was acquitted, was barred by the doctrine of collateral estoppel. That doctrine provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U. S. 436, 443 (90 SC 1189, 25 LE2d 469) (1970). This issue has been recently considered and rejected by our Supreme Court in *Felker v. State*, 252 Ga. 351 (1b) (314 SE2d 621) (1984). In *Felker* appellant argued that extrinsic evidence of his commission of rape and aggravated sodomy in 1976 was inadmissible because, although he was convicted of aggravated sodomy, he was acquitted on the charge of rape. "Appellant relies upon *Ashe v. Swenson*, [supra] (holding that the concept of col-

lateral estoppel is part of the double jeopardy prohibition of the Fifth Amendment, enforceable against the states through the Fourteenth Amendment), and two Fifth Circuit cases relying upon *Ashe v. Swenson* to hold that 'where the [S]tate in an otherwise proper prosecution seeks for any purpose to relitigate an issue which was determined in a prior prosecution of the same parties, then the evidence offered for such a relitigation must be excluded from trial . . .' *Wingate v. Wainwright*, 464 F2d 209, 215 (5th Cir. 1972). Accord *Blackburn v. Cross*, 510 F2d 1014 (5th Cir. 1975).

"These Fifth Circuit cases, of course, are not binding precedent for this court. *Conner v. State*, 251 Ga. 113 (5) (303 SE2d 266) (1983). *Ashe v. Swenson* does not answer the question whether double jeopardy precludes the evidentiary use of crimes for which there has been a prior acquittal or applies only in situations of reprosecution. The facts of *Ashe v. Swenson* involved only the latter situation. Other federal courts have rejected the notion that extrinsic crime evidence is inadmissible per se if the defendant has been acquitted of the extrinsic offense. See, e.g., *United States v. Van Cleave*, 599 F2d 954 (10th Cir. 1979); *United States v. Castro-Castro*, 464 F2d 336 (9th Cir. 1972). Some courts have suggested that an acquittal is a factor that must be considered when balancing the relevance of the proffered evidence against the prejudice created by it. See, e.g., *United States v. Smith*, 446 F2d 200 (4th Cir. 1971); *United States v. Phillips*, 401 F2d 301 (7th Cir. 1968). Compare *Smith v. Wainwright*, 568 F2d 362 (5th Cir. 1978) (holding that where the prosecution used an extrinsic offense to prove another crime, the conviction obtained thereby was not invalidated by a subsequent acquittal in the trial of the extrinsic offense, in view of the fact that the extrinsic offense need not have been proven beyond a reasonable doubt in the first trial, and considering a jury's practical power to pardon)." Id. at 361-62. While in *Felker* the identity of the assailant was not an issue in the earlier 1976 case, the issue of identity was very much in dispute in appellant's earlier Walker County trial — appellant asserting his nonparticipation in the crime and contending that his confession had been coerced, and co-defendant Moseley also testifying that appellant did not participate in the crime, only to be impeached by a statement he had given earlier to the police. We do not, however, find this conflict in the evidence to be dispositive as to its admissibility in the case at bar.

The evidence as to identity in the case at bar was, for the most part, substantially the same as that offered at the Walker County trial — appellant asserting his non-participation and the coercion of his confession, and Moseley this time implicating appellant in the crime, but admitting that he had previously given contrary testimony. In addition, in the instant case one of the victims positively identified

appellant as one of two men standing next to a green Chevrolet as she was entering the convenience store. She observed appellant standing by the driver's side of the car with the doors of the car open; the green Chevrolet was gone after the robberies. In *Taylor v. State*, 174 Ga. 52 (7) (162 SE 504) (1931), overruled on other grounds, *Wood v. State*, 219 Ga. 509 (134 SE2d 8) (1963), the court held: "While the defendant had been tried and acquitted of previous alleged offenses, and the verdict of not guilty may have indicated that there was not sufficient evidence to convince the jury beyond a reasonable doubt of his guilt, still that acquittal would not necessarily exclude the evidence, because that evidence may tend to illustrate the acts of the defendant as shown in the transaction for which he is now on trial, and may be considered in connection with the later evidence, and may throw a flood of light on this later evidence, though of itself insufficient to authorize a verdict of guilty. In *Lee v. State*, 8 Ga. App. 413 (69 SE 310) [(1910)], it was said: 'While the general rule is that proof of other crimes committed by the defendant is not admissible in a criminal prosecution, still the general rule has many general exceptions . . . Though the defendant may have been tried for violating the law as to one or more of these transactions with other patients, and acquitted, the State may nevertheless prove the facts connected with them, for the purpose of illustrating the defendant's state of mind as to the transaction at bar.' In 1 Wharton's Criminal Evidence, 195, § 48, it is said: 'The question has been raised in criminal trials whether a previous indictment for, or acquittal or conviction of, the other crime, has any effect upon the admissibility of the evidence of such other crime. It may be safely stated that the almost universal judgment is that neither of these circumstances will operate to the rejection of such evidence . . . It has been sometimes strenuously urged that while an indictment or a conviction might be admissible, yet where the fact is that the accused has been acquitted of the crime sought to be used as evidence, that fact should render it inadmissible, as to receive it would be to put the accused again in jeopardy and would also contravene the record. But the courts which have spoken upon the subject have all said, in substance, that he could not be put in jeopardy of a crime of which he had been acquitted, but that he was in jeopardy of the crime for which he was being tried; and that evidence of the transactions which had resulted in his acquittal was admissible if competent to show a fact material to the issue being tried.' . . . And in Underhill's Criminal Evidence (3rd ed.), § 629, it is said: 'The acquittal merely exempts him (the defendant) from punishment and from another prosecution. It does not necessarily show that he was innocent.' The jury were properly instructed in this case that the defendant could be convicted only of the offense specified and set forth in the indictment upon which he was then on trial, and

this caution to the jury was repeated." Id. at 67-68. See *Pollock v. State*, 162 Ga. App. 757 (1) (293 SE2d 38) (1982).

As in *Taylor*, the trial court in the case at bar cautioned the jury at the time the contested evidence was admitted as to the limited use they might make of this evidence of appellant's alleged participation in the earlier crime, and this instruction was later repeated during the court's final charge. Also as in *Taylor*, the evidence here complained of, "[w]hile it related to other offenses than that for which [appellant] was on trial, it was relevant as tending to show intent and system and to illustrate the methods and conduct of [appellant] in reference to the particular acts of [armed robbery] for which he was on trial." Id. at 66. While the holding in *Taylor* has been criticized (see *Jenkins v. State*, 147 Ga. App. 21 (2) (248 SE2d 33) (1978); *Rivers v. State*, 147 Ga. App. 19, 20-21 (248 SE2d 31) (1978) (Smith, J., concurring specially; Webb, J., dissenting)), it stands before us as binding precedent. We are thus persuaded, in light of the holding in *Felker*, supra, that the trial court did not err in admitting the evidence complained of. See also *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980); *Campbell v. State*, 234 Ga. 130 (214 SE2d 656) (1975).

While we are constrained to follow the precedent of our Supreme Court, we are acutely aware that our holding here is not likely to be the final word in this matter. It is clear from the *Felker* decision that the rule in this state regarding collateral estoppel as enunciated by our Supreme Court and the rule in the Eleventh Circuit Court of Appeals are diametrically opposed. See Extension of Collateral Estoppel to Evidence from a Prior Acquitted Crime, 35 Mercer L. Rev. 1419 (1984). For example, in *Albert v. State*, 152 Ga. App. 708 (3) (263 SE2d 685) (1979) (cert. denied), as in the case at bar, we held evidence properly admitted which identified appellant Albert as the perpetrator of a previous armed robbery for which he had already been tried and acquitted. In *Albert v. Montgomery*, 732 F2d 865 (11th Cir. 1984), the Eleventh Circuit granted Albert's petition for a writ of habeas corpus, concluding that the evidence which we deemed properly admitted under state law was erroneously admitted under the law of the circuit. Citing, inter alia, *Blackburn v. Cross*, supra, and *Wingate v. Wainwright*, supra, cases which our Supreme Court expressly declined to follow in *Felker*, the Eleventh Circuit found the admission of the evidence relating to Albert's previous trial and acquittal was error of constitutional dimensions. The court further held that, while the evidence against Albert was "convincing," the admission of the evidence as to the prior offense was not harmless beyond a reasonable doubt because the State relied on the evidence during closing argument and the trial court gave no limiting instructions as to this evidence. In the case at bar the arguments of counsel were not reported, and the parties are in disagreement as to whether the State

made reference to the prior offense in closing argument. However, as noted above, the trial court in this case twice gave limiting instructions as to this evidence, unlike the situation in *Albert*. Having noted these differences, we nevertheless are not inclined to speculate on whether the circumstances surrounding the admission in evidence in the case at bar of appellant Moore's Walker County trial and acquittal will pass muster under the Eleventh Circuit rule. We have already determined that, under state law, the evidence was properly admitted. Until this rule is altered by our Supreme Court, we leave to the federal courts the task of divining "harm" from such "error." We pause to note, however, that the aforementioned conflict has resulted in the following situation: "First, the accused is convicted in a . . . state court because of the admission of evidence from a previous acquittal. Defendant then may exhaust all of his state remedies — and much of his state's revenues — and apply for a habeas review in the Eleventh Circuit. Upon a grant of habeas review, the federal court will, assuming the admission was harmful, reverse and grant a new trial, wherein the prior crimes evidence will be suppressed. If it is remanded to the state court, . . . this . . . results in an end run around the state rules; and such end runs cost the taxpayers plenty, wasting judicial time and money." 35 Mercer L. Rev., supra at 1438-39. Our Supreme Court has noted that the ultimate arbiter of constitutional protections is the United States Supreme Court and, while we are not bound by decisions of the lower federal courts, "it would be unduly myopic of us to ignore federal precedent, if only because of the inevitability of federal collateral review of [criminal cases] which [survive] state scrutiny." *Conner v. State*, supra at 118. We encourage a prompt resolution of this dispute.

2. Appellant's remaining challenge to the admissibility of the evidence of his participation in the Walker County crime is based upon his assertion that said evidence failed to meet the two-pronged test set forth in *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976): "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." The evidence complained of in this case clearly meets this test. See *Thomas v. State*, 166 Ga. App. 650 (1) (305 SE2d 182) (1983).

*Judgments affirmed. Banke, C. J., and Sognier, J., concur. Benham, J., disqualified.*

Decided February 27, 1985 —
Rehearing denied March 11, 1985 —

W. Benjamin Ballenger, for appellant.
David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney, for appellee.