42133. MOORE v. THE STATE.
(333 SE2d 605)

CLARKE, Justice.

We granted certiorari to review the application of *Felker v. State,* 252 Ga. 351 (314 SE2d 621) (1984), to these facts by the Court of Appeals, *Moore v. State,* 173 Ga. App. 765 (328 SE2d 380) (1985), and to consider the effect of collateral estoppel on the admissibility in evidence of offenses which the defendant was previously acquitted. On review we hold the admission of evidence of a prior offense in this case was error and the conviction must be reversed.

This appeal is from Moore's conviction for armed robbery in Chattooga County. The offense took place at a convenience store and Moore's alleged participation was as the driver of the car used in the robbery. During the trial the state introduced evidence that Moore participated in an armed robbery of the Pit Stop, a convenience store in Walker County. The defense had objected by motion in limine and continuing objection on the ground that Moore had been found not guilty of that robbery by a jury, and its admission in evidence would violate constitutional double jeopardy guidelines. The trial court disagreed. An investigating officer in the prior case was allowed to testify that his investigation revealed that Moore had participated as driver of the vehicle used in the Pit Stop robbery and testified as to Moore's statement admitting his participation in the Pit Stop robbery.

The Court of Appeals held that the evidence was admissible

under our decision in *Felker*, supra, even though they concluded that the *Felker* decision is "diametrically opposed" to the rule in the Eleventh Circuit as stated in *Albert v. Montgomery*, 732 F2d 865 (11th Cir. 1984). *Moore*, supra at 768. *Albert* follows the earlier Fifth Circuit holdings of *Wingate v. Wainwright*, 464 F2d 209 (5th Cir. 1972) and *Blackburn v. Cross*, 510 F2d 1014 (5th Cir. 1975). In so holding the court noted that in Moore's Walker County prosecution, his identity and participation in the acts charged were in dispute which was not the case in *Felker*. For reasons set forth herein we find the result of *Felker* is correct and the holding therein is not in conflict with *Wingate* and *Albert*. We further conclude that the introduction of the testimony in this case to prove Moore's participation in the prior robbery was error and reverse.

The basis of the objection to the testimony that Moore had committed a previous separate crime on which he was found not guilty is that the relitigation of the issue is barred by the Fifth Amendment's double jeopardy clause.

In *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970), the U. S. Supreme Court held that the doctrine of collateral estoppel is embodied in the guarantee against double jeopardy. The court stated that collateral estoppel itself "stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit . . . ." *Ashe* at 443. As we noted in *Felker*, *Ashe* does not answer the question of whether the state may use a prior acquittal in evidence when prosecuting an independent crime. However, the Fifth Circuit and now the Eleventh Circuit have held that the use of evidence of prior crimes which is otherwise admissible is precluded where the state is attempting to relitigate facts resolved in the defendant's favor at the prior trial. *Wingate v. Wainwright*, supra; *Albert v. Montgomery*, supra. "It is fundamentally unfair and totally incongruous with our basic concepts of justice to permit the sovereign to offer proof that a defendant committed a specific crime which a jury of that sovereign has concluded that he did not commit." *Wingate*, at 215.

Since *Ashe*, the collateral estoppel approach to admissibility of prior acquittals has been adopted in most of the federal circuits and in a number of state courts. See discussion and annotations at 25 ALR 4th 934. In *State v. Perkins*, 349 S2d 161 (Fla. 1977), the court discusses collateral estoppel and bases its holding on the tenet that to require an accused to defend again against charges on which he has been acquitted is fundamentally unfair. Tennessee has held that prior crimes where the defendant was acquitted are inadmissible because the acquittal so diminishes any probative value of the evidence that

its relevance cannot be said to outweigh the prejudice to the defendant. See also *State v. Little*, 87 Ariz. 295 (350 P2d 756) (1960).

In this state, evidence of independent crimes is admissible if relevant to some issue on trial, but is not admissible if its only effect is to place the defendant's bad character before the jury, which is prohibited. *Walraven v. State*, 250 Ga. 401 (297 SE2d 278) (1982). The evidence is relevant if it illustrates or tends to prove identity, motive, plan or scheme, bent of mind or course of conduct. *Kilgore v. State*, 251 Ga. 291 (305 SE2d 82) (1983).

In order to introduce evidence of an independent offense as a relevant similar transaction the state must prove two factors. It must be shown that the defendant was in fact the perpetrator of the separate offense and that there is a sufficient similarity of offenses so that proof of the former tends to prove the latter. *French v. State*, 237 Ga. 620 (229 SE2d 410) (1976). It is in establishing the first factor that collateral estoppel comes into play when there has been acquittal, particularly in cases where, as in this case, identity was at issue in the first trial; that is, if the defendant was acquitted on the basis that he was not the perpetrator, then that is an issue which was resolved in his favor in the prior case.

While some jurisdictions have adopted a per se rule prohibiting any evidentiary use of independent offenses where an acquittal was obtained, see 25 ALR 4th 934, 941-942, §§ 3 and 4, the application of collateral estoppel requires an examination of what facts were in issue and necessarily resolved in the defendant's favor at the first trial. *Johnson v. Estelle*, 506 F2d 347 (5th Cir. 1975); *United States v. Gonzalez*, 548 F2d 1185 (5th Cir. 1977). In *Albert*, supra, and *Wingate*, supra, the acquittals were based on identity, thus the state could not relitigate and prove the accused committed the prior offenses. In *Gonzalez*, supra, the Fifth Circuit held collateral estoppel did not bar the use of evidence from a prior trial which had resulted in a verdict of guilty of possession with intent to distribute heroin and not guilty of distribution. The later prosecution was for conspiracy and the facts from the first trial were used to show the existence of a conspiracy. The prosecution introduced evidence that on the prior occasion defendant had possession of heroin and handed a sample of the drug to a co-defendant. The court found this factual issue was not necessarily resolved in his favor at the first trial. Thus there was no relitigation of facts in issue at the first trial which were previously resolved in the defendant's favor.

In *Felker*, supra, the defendant was on trial for murder, rape and aggravated sodomy. We held it was not error to allow the victim of a prior sexual assault to testify to the acts of bondage and forcible sex performed upon her by the defendant. The earlier incident resulted in a trial on rape and aggravated sodomy charges; the jury returned a

verdict of guilty only on the aggravated sodomy charge. At the first trial Felker contended that all of the sexual acts were consented to by the victim; thus, the fact that defendant performed the acts was not in dispute and not necessarily resolved in defendant's favor. In addition, Felker was convicted of aggravated sodomy, that is, with force and against the will of the victim. "In any event, identity was not an issue in the 1976 case. Thus, the acquittal on the rape count does not indicate that the jury had a reasonable doubt that it was appellant, and not someone else, who bound and gagged the victim, ripped her underwear, bruised her, and removed her necklace." *Felker*, at 362. We believe that the result in *Felker*, that the evidence was not barred by collateral estoppel as embodied in the protections of the double jeopardy clause is in accord with *Gonzalez* and *Albert*. See also *Douthit v. Estelle*, 540 F2d 800 (5th Cir. 1976).

While the doctrine of collateral estoppel will not always bar the admission of evidence of separate offenses in cases of acquittal, we hold that it does bar the evidence introduced at Moore's trial. As stated by our Court of Appeals, *Moore*, supra at 766, the identity of Moore as a perpetrator was "very much in dispute" at the earlier Walker County trial. The acquittal resolved this fact in the defendant's favor and the state may not relitigate it. The first requirement for the introduction of independent crimes is therefore impossible to be met — that the defendant on trial was in fact the perpetrator of the other offense. *French*, supra. This case falls within the facts of *Wingate, Blackburn v. Cross*, 510 F2d 1014 (5th Cir. 1975), and *Albert*. Accord *State v. Irons*, 630 P2d 1116 (Kan. 1981).

Insofar as the early decision of this court in *Taylor v. State*, 174 Ga. 52 (162 SE 504) (1931), is in conflict with our holding in this case it is overruled and will no longer be followed. In addition, those cases of the Court of Appeals which relied on the *Taylor* holding will no longer be followed. See *Rivers v. State*, 147 Ga. App. 19 (248 SE2d 31) (1978); *Jenkins v. State*, 147 Ga. App. 21 (248 SE2d 33) (1978).

The state argues that even if the admission of the prior crime was error, it was harmless. A constitutional error, double jeopardy in this case, will not require reversal if it can be shown to the court beyond a reasonable doubt that the evidence did not contribute to the conviction. *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). The fact that there is other sufficient evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict. *Vaughn v. State*, 248 Ga. 127 (281 SE2d 594) (1981). We cannot say that the error here was harmless beyond a reasonable doubt. Although the trial judge instructed the jury that they could only consider the evidence to show identity, bent of mind, etc., the first part of this limiting instruction was that first it must be shown that the defendant was the perpetrator, a fact

which we have held is not subject to relitigation. In addition, the evidence in the trial from which he is now appealing and the evidence in the earlier trial was similar, or as stated by the Court of Appeals "substantially the same." *Moore*, supra at 766. In the first trial he was acquitted. In the present trial it cannot be said that the additional evidence of the prior offense did not contribute to the conviction.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED SEPTEMBER 5, 1985.

W. *Benjamin Ballenger*, for appellant.
*David L. Lomenick, District Attorney, David L. Whitman, Assistant District Attorney*, for appellee.