### 71323. LUCAS v. THE STATE.
(342 SE2d 377)

BENHAM, Judge.

By means of indictment, appellant was accused of rape. Through a motion in limine, appellant sought to bar the introduction of evidence concerning a prior alleged rape for which he had been acquitted. The trial court denied the motion and permitted the prosecutrix of the earlier incident to testify about her ordeal, and appellant was convicted. In his sole enumeration of error, appellant asserts reversible error was committed when the motion in limine was denied and the testimony of the first prosecutrix was presented to the jury. Finding merit in appellant's contention, we reverse the judgment of conviction and remand this case to the trial court for a new trial.

We must not forget that the general rule of law is that evidence tending to show that a defendant has committed a separate and distinct criminal act is irrelevant and inadmissible, unless some logical connection can be made between the two from which it can be said that proof of the one tends to establish the other. *Thomas v. State*, 166 Ga. App. 650 (305 SE2d 182) (1983).

Appellant contends that his acquittal of the prior offense collaterally estops the State from relitigating the issue in the case at bar. "Collateral estoppel means simply that once an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. [Cit.] The Supreme Court [of the United States] has held this concept of collateral estoppel to be embodied in the Fifth Amendment guarantee against double jeopardy. [Cit.]" *Albert v. Montgomery*, 732 F2d 865, 869 (11th Cir. 1984). In Georgia, evidence of a prior similar act, even one for which a defendant has been acquitted, is admissible if it is shown "that the defendant was in fact the perpetrator of the separate offense and that there is a sufficient similarity of offenses so that proof of the former tends to prove the latter. [Cit.]" *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605) (1985). Thus, before the simi-

larity of the past and present acts may be debated, it must be determined "that the defendant on trial was in fact the perpetrator of the other offense." Id. at 677; *Hudson v. State*, 175 Ga. App. 878 (2) (334 SE2d 735) (1985).

Prior to the admission of the testimony in the case at bar, the trial court stated that "[i]dentity is not a question here any longer." The trial court proceeded to analyze the similarities between the earlier incident and the one for which appellant was being tried, and found them to be "sufficiently similar to allow the evidence." The prosecutrix of the earlier incident then testified that appellant raped her, forced her to commit an act of oral sodomy, and took her automobile, leaving her nude and bound in his family's commercial dairy bar. Appellant admitted he was with the woman at the dairy bar, but stated he refused her offers of sexual relations and took her car with her permission.

We disagree with the trial court's conclusion that identity was not an issue in need of resolution. In *Moore v. State*, supra, 254 Ga. at 676, the Supreme Court held that the State must show that "the defendant *was in fact the perpetrator of the separate offense*." (Emphasis supplied.) Thus, the State must not only show defendant's presence at the scene of the earlier incident but must also prove that defendant actually did the earlier criminal act. While appellant admitted he was with the first prosecutrix at the time she testified he assaulted her, he denied that any sexual conduct occurred. Thus, appellant's identity as the perpetrator of the offenses charged was very much in dispute. By acquitting appellant of the charges leveled against him, the jury concluded that the acts did not occur as alleged or, if the acts did occur, appellant was not the perpetrator. The acquittal resolved the "identity" factor in favor of appellant, and the State may not now relitigate the issue. Id. at 677.

The situation in the case at bar is in marked contrast to the factual setting in *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), wherein the victim of a prior sexual assault was permitted to testify about the acts of bondage and forcible sex performed upon her by the defendant. There, Felker admitted performing the sexual acts involved but contended they were done with the consent of the victim. The jury found Felker guilty of aggravated sodomy and acquitted him of the rape charge. "[T]he fact that [Felker] performed the acts was not in dispute and not necessarily resolved in [his] favor. . . . 'Thus, the acquittal on the rape count [did] not indicate that the jury had a reasonable doubt that it was [Felker] . . . [who assaulted the victim].' [Cit.]" *Moore v. State*, supra, 254 Ga. at 677. Since the State cannot prove appellant was the perpetrator of the earlier offenses, it cannot meet the first of its two evidentiary burdens concerning the use of independent offenses, and the evidence of the prior acts cannot be

admitted without offending the double jeopardy clause of the Fifth Amendment. Id. at 677.

It having been shown that error of constitutional proportions was committed at trial, we must next determine whether the error was harmful. "A constitutional error, double jeopardy in this case, will not require reversal if it can be shown to the court beyond a reasonable doubt that the evidence did not contribute to the conviction. [Cit.] The fact that there is other sufficient evidence to convict does not make the error harmless, rather the test is whether the evidence may have influenced the jury's verdict. [Cit.]" *Moore v. State*, supra, 254 Ga. at 677. See also *Albert v. Montgomery*, supra at 870.

In addition to the presentation of the witness and her testimony to the jury, the record reflects that the assistant district attorney's closing argument was replete with references to the evidence presented concerning the earlier accusations leveled against appellant. He opened his argument with the conclusion that only a total disbelief of the testimony of both prosecutrixes could result in an acquittal of appellant. He then referred to the prosecutrix in appellant's first trial as "a victim of a rape" and stated that the first jury put appellant "back out on the street after he had raped that woman." He reexamined a piece of the physical evidence introduced at the first trial and attempted to plug some of the weak points in the first prosecutrix's testimony upon which the defense attorney had elaborated. He commented on how appellant chose his victims and pleaded with the jury not to let him off again. Additionally, while the trial court gave limiting instructions to the jury prior to the introduction of the testimony of the first prosecutrix (compare *Albert v. Montgomery*, supra at 870), the instructions contained in the jury charge at the conclusion of the evidence informed the jury that it had to make the preliminary determination whether appellant had committed the earlier offenses. Under the doctrine of collateral estoppel, this was a fact "not subject to relitigation." *Moore v. State*, supra, 254 Ga. at 678. In light of the repeated references in the closing argument to the earlier incident and the erroneous instructions given the jury, we cannot say that it has been proved beyond a reasonable doubt that the evidence did not contribute to the verdict. See *Moore v. State*, supra, 254 Ga. 674; *Albert v. Montgomery*, supra.

We cannot conclude an analysis of this subject without recognizing the conflict between the appellate courts of this state and the federal appellate judiciary. While state law requires analysis of identity and similarity of offense before evidence of a prior act for which a defendant was acquitted may be introduced into evidence, the federal bench has deemed it "clear that the Supreme Court and [the Eleventh Circuit] have held that the principle of collateral estoppel prevents the introduction of such evidence for *any* purpose." *Albert v.*

*Montgomery*, supra at 869. This court, in its opinion in *Moore v. State*, 173 Ga. App. 765 (328 SE2d 380) (1985), noted that the state judiciary's treatment of the issue was "diametrically opposed" to the treatment given by the Eleventh Circuit. We observed in *Moore* that the difference in viewpoints would have as its result "an end run around the state rules" and the depletion of financial and time resources, since the state appellate procedure will permit evidence of prior acts despite acquittal (see, e.g., *Felker v. State*, supra), while, on habeas corpus review, the federal judiciary will find constitutional error in the harmful admission of such evidence and order release or retrial. See *Albert v. Montgomery*, supra. We can only state in closing that which concluded our review of this issue in *Moore*: "[W]hile we are not bound by decisions of the lower federal courts, 'it would be unduly myopic of us to ignore federal precedent, if only because of the inevitability of federal collateral review of criminal cases which survive state scrutiny.' [Cit.]" 173 Ga. App. at 769.

*Judgment reversed and case remanded. Banke, C. J., and Mc-Murray, P. J., concur in the judgment only.*

DECIDED MARCH 7, 1986.

*Rees R. Smith*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Alfred D. Dixon, H. Allen Moye, Assistant District Attorneys*, for appellee.