## 71693. LEWIS v. THE STATE.
(346 SE2d 70)

POPE, Judge.

James E. Lewis brings this appeal from his convictions of rape and burglary. Construed most favorably to the State on appeal, the

evidence of record shows that these crimes occurred during the early morning hours of July 20, 1980 when appellant broke into the victim's residence, woke her up and raped her at knifepoint. Appellant continued to terrorize and assault the victim until dawn. During trial, testimony was admitted relating to appellant's earlier convictions of rape and aggravated sodomy, said crimes having occurred on July 25, 1980. Testimony was also admitted relating to appellant's earlier acquittal of rape(s) which had allegedly occurred on July 10, 1980. The victim in the case at bar and the victims of the other crimes each positively identified appellant as the perpetrator; their testimony also established a remarkably similar modus operandi in each transaction. Appellant's former wife testified as to two alleged rapes, one occurring in December 1979 while she and appellant were separated, and one occurring in May 1980 after they had divorced. These transactions contained certain similarities to the crimes charged in this case but were not reported to the police. *Held*:

1. Appellant's enumeration of error 1 (A) is controlled adversely to him by the holding in *Harriman v. State*, 170 Ga. App. 715 (2) (318 SE2d 182) (1984). Evidence of his convictions of the independent crimes of July 25, 1980 was thus properly admitted as similar offenses.

2. Under the criteria set forth in *Woodard v. State*, 155 Ga. App. 533 (2) (271 SE2d 671) (1980), governing the admissibility of evidence of independent crimes, the trial court did not err in allowing in evidence the testimony of appellant's former wife as to his alleged assaults upon her, even though she never reported these crimes to the police. We view the evidence of these independent crimes to be sufficiently similar to the crimes charged as well as relevant to the issues at trial to warrant its admission. See *Hayes v. State*, 177 Ga. App. 889 (2) (341 SE2d 709) (1986). Compare *Walraven v. State*, 250 Ga. 401 (4b) (297 SE2d 278) (1982). See generally *Felts v. State*, 154 Ga. App. 571 (2) (269 SE2d 73) (1980).

3. Appellant's next two enumerations cite as error admitting the testimony of a witness who swore that appellant had kidnapped, raped and sodomized her some ten days prior to the crimes in the case at bar. Appellant had been tried and acquitted of these earlier crimes. The witness testified that there was no doubt in her mind that appellant was the perpetrator, notwithstanding his acquittal. Appellant denied ever having seen this witness prior to her accusations against him. Under these circumstances we are compelled to agree with appellant that the trial court erred in admitting this testimony. *Moore v. State*, 254 Ga. 674 (333 SE2d 605) (1985).

Nevertheless, we find the error harmless. "A constitutional error, double jeopardy in this case, will not require reversal if it can be shown to the court beyond a reasonable doubt that the evidence did

not contribute to the conviction. [Cit.] The fact that there is other sufficient evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict. [Cit.]" *Moore*, supra at 677. Unlike the situation in *Moore*, in the case at bar there was properly admitted evidence of independent offenses in addition to evidence of the erroneously admitted acquittal. See Divisions 1 and 2. Compare *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) (1986). This testimony, in addition to the strong, positive testimony of the victim in this case, persuades us beyond a reasonable doubt that the erroneously admitted evidence did not influence the jury's verdict. See also *Hamilton v. State*, 239 Ga. 72, 76-7 (235 SE2d 515) (1977).

4. Appellant next objects to testimony by the victim that she waited until she heard that appellant was in jail before reporting the subject crimes to the police. Appellant argues that this testimony wrongfully placed his character in issue and thus was prejudicial to him. However, this testimony was properly admitted as explaining the victim's conduct in waiting several days before reporting the crimes, notwithstanding any potential prejudice to appellant. See *Lloyd v. State*, 139 Ga. App. 625 (2) (229 SE2d 106) (1976). See also *Caraway v. State*, 72 Ga. App. 504 (2c) (34 SE2d 303) (1945). Also, this testimony is cumulative of evidence showing appellant's arrest and incarceration at the time in question, and thus is harmless for this additional reason. See *Wright v. State*, 253 Ga. 1 (3) (316 SE2d 445) (1984).

5. Appellant's assertion that the trial court erred in allowing the State to introduce evidence which constituted unusually suggestive pretrial identification procedures utilized by the police to influence the victim to positively identify appellant when the victim in fact never saw the face of her attacker is wholly unsupported by the record.

6. The trial court properly allowed appellant to read portions of the transcript of a preliminary hearing in this case in an attempt to show a conflict in the testimony of the victim. There was no error in excluding the transcript itself from evidence. See *Johnson v. State*, 244 Ga. 295 (3) (260 SE2d 23) (1979). Cf. *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599 (275 SE2d 159) (1980).

7. Appellant's sixth enumeration cites as error the denial of his motion of autrefois acquit. The arguments made by appellant in support of this enumeration are either unsubstantiated by the record or were not made at trial. Accordingly, this enumeration provides no ground for reversal. We pause to note that appellant argues here for the first time that his notice of appeal filed prior to trial upon the denial of his motion of autrefois acquit deprived the trial court of jurisdiction to proceed with his trial. Generally, the denial of such a

motion is directly appealable, *Hubbard v. State*, 176 Ga. App. 622 (1) (337 SE2d 60) (1985), unless found to be frivolous. *Rielli v. Oliver*, 170 Ga. App. 699 (318 SE2d 173) (1984). However, it appears from the record that appellant's sole purpose in filing this pretrial notice of appeal was to perfect his right to eventually raise the issue in any appeal subsequent to trial. Counsel stated, "I don't want the Court to get the idea that I'm not going to try the case [on the date scheduled]." Under these circumstances we ascribe no merit to appellant's recent assertions of the trial court's lack of jurisdiction to try him.

8. We are unable to discern anything beyond a tangential relationship between appellant's seventh enumeration of error and the argument made in his brief in support thereof. Nevertheless, to the extent that appellant's enumeration asserts his right to an immediate appeal to this court upon the denial of his plea in abatement, this issue is controlled adversely to him by our holding in Division 7, supra. To the extent that appellant argues that he was denied a "meaningful" preliminary hearing due to alleged "unnecessarily suggestive pretrial identification procedures utilized by the State," this argument is supported by no evidence of record. Division 5, supra.

9. Deposition testimony by two prison inmates, taken by appellant approximately one week prior to trial, in which they testify as to the district attorney's questioning them regarding any statements appellant may have made concerning his earlier acquittal, provides neither a showing of prosecutorial misconduct nor a basis for new trial.

10. Finally, appellant enumerates as error the trial court's charge on alibi. However, his assertion that the charge was impermissibly burden-shifting is controlled adversely to him by the holding in *Payne v. State*, 233 Ga. 294 (VII) (210 SE2d 775) (1974). We note in passing that the request to charge on alibi made by appellant, but refused by the trial court, did in fact erroneously shift the burden of proof from the State to appellant and was thus properly refused. See *Patterson v. State*, 233 Ga. 724 (7) (213 SE2d 612) (1975).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MAY 5, 1986 —
REHEARING DENIED MAY 16, 1986 —

*Robert M. Ray, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.