73356. RILEY v. THE STATE.
(353 SE2d 598)

CARLEY, Judge.
Appellant was tried by a jury and found guilty of aggravated assault with a deadly weapon and possession of a firearm during the

commission of a crime. She appeals from the judgments of conviction and sentences entered on the verdicts.

1. Appellant filed a motion in limine seeking to bar the introduction of evidence of a previous incident in which she had attacked someone. In the trial arising out of that incident, appellant had been found not guilty of aggravated assault by reason of insanity. The motion in limine was denied and the evidence was admitted as a similar transaction solely to prove appellant's "motive, bent of mind, plan, scheme, course of conduct or other matters dependent on a person's state of mind." The parties agreed that identity was not at issue. Appellant contends that, because she was found not guilty by reason of insanity of the first assault, the State was collaterally estopped from relitigating her state of mind or intent in that incident.

The doctrine of collateral estoppel, embodied in the constitutional guarantee against double jeopardy, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties. . . ." *Ashe v. Swenson*, 397 U. S. 436, 443 (90 SC 1189, 25 LE2d 469) (1970). When prosecuting an independent crime, use of evidence of a prior offense is generally inadmissible. It may be admitted, however, if " 'there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other.' [Cit.]" *Thomas v. State*, 166 Ga. App. 650 (1) (305 SE2d 182) (1983). Use of prior similar crimes is prohibited, however, where the first trial resulted in an acquittal and the State is attempting to relitigate an issue found in the defendant's favor at the first trial. *Moore v. State*, 254 Ga. 674 (333 SE2d 605) (1985). "[T]he application of collateral estoppel requires an examination of what facts were in issue and necessarily resolved in the defendant's favor at the first trial. [Cits.]" *Moore v. State*, supra, 676. In the first trial, appellant's intent was very much at issue. In the instant trial, the jury was allowed to reconsider appellant's intent in the *first* incident, and was authorized to find that it was proof of a criminal bent of mind or scheme. Essentially, the jury was permitted, in comparing the two incidents, to determine that appellant had made the first attack with criminal intent. However, appellant had already been found by a jury to have acted without criminal intent at that time. "The [insanity] acquittal resolved this fact in the defendant's favor and the state may not relitigate it." *Moore*, supra, 677. Accordingly, appellant was subjected to double jeopardy when that issue was permitted to be retried.

The State asserts that, even if the admission of the evidence of the prior transaction was error, it was harmless. "A constitutional error, double jeopardy in this case, will not require reversal if it can be shown to the court beyond a reasonable doubt that the evidence did not contribute to the conviction. [Cit.] The fact that there is other

sufficient evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict. [Cit.]" *Moore v. State*, supra, 677. The earlier incident played a key role in the case at bar. It was emphasized throughout the trial, from the opening statement of the prosecutor through his closing argument. It cannot be said beyond a reasonable doubt that the error did not contribute to the jury's verdict. See *Albert v. Montgomery*, 732 F2d 865, 870-71 (6, 7) (11th Cir. 1984); *Lucas v. State*, 178 Ga. App. 150, 152 (342 SE2d 377) (1986).

2. After describing what he had observed of the instant transaction, a witness was permitted, over appellant's objection, to answer the question "was there any reason for [appellant] to shoot the man?" The witness answered "No." Appellant moved for a mistrial. The trial court denied appellant's motion. At the close of the State's case, appellant renewed her motion for a mistrial. The trial court again denied the motion, but offered to instruct the jury to disregard the testimony to which appellant objected. Appellant refused the trial court's offer and renewed her motion for a mistrial. The trial court's denial of that motion is enumerated as error.

" 'The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with.' [Cit.] No abuse of discretion occurred." *Hall v. State*, 177 Ga. App. 464, 465 (339 SE2d 658) (1986). " 'Evidence, whether objected to or not, can be as effectually withdrawn by means of the charge of the court as by a ruling during the course of the trial.' [Cit.]" *Wyatt v. State*, 18 Ga. App. 29 (1) (88 SE 718) (1916). Having declined the trial court's offer to give curative instructions, appellant may not now complain of the admission of the evidence. *Jones v. State*, 250 Ga. 166, 168 (296 SE2d 598) (1982); *Hall v. State*, supra, 465. We do not reach the issue of whether the question was proper.

3. Appellant enumerates as error the refusal of the trial court to give a requested charge on the misdemeanor offense of reckless conduct, OCGA § 16-5-60, as a lesser included offense of aggravated assault. Appellant relies on *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985), in which this court held that the trial court erred in refusing to give such a charge. In *Bowers*, the charge on reckless conduct was appropriate because the jury was authorized to find that the defendant engaged in target practice with a gun while consciously disregarding the risk to the nearby victim. One is guilty of reckless conduct who "causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause the harm or endanger the safety of the other person and the disregard constitutes a gross

deviation from the standard of care which a reasonable person would exercise in the situation. . . ." OCGA § 16-5-60. The crime of reckless conduct is one of criminal negligence. *Bowers v. State*, supra at 38 (1). The instant case is distinguishable from *Bowers*. Appellant admitted firing the gun with the intent *to scare the victim*, although she testified that she did not intend to hit him. "Using a deadly weapon to commit an act *which places another in reasonable apprehension of immediately receiving a violent injury* amounts to an aggravated assault, absent justification. [Cits.] The act testified to by appellant was either justified as an act of self-defense or constituted a felony." (Emphasis supplied.) *Williams v. State*, 249 Ga. 6, 8 (287 SE2d 31) (1982). The jury was fully and completely instructed on justification. The trial court did not err in refusing to give the requested charge.

4. Appellant contends that the trial court erred in permitting the State to bolster the testimony of one of its witnesses by asking whether her in-court testimony was consistent with her prior statement. "[I]nquiry as to impermissible bolstering no longer is necessary following *Cuzzort* [*v. State*, 254 Ga. 745 (334 SE2d 661) (1985).] [The witness'] statements were admissible. We find no error." *Lumpkin v. State*, 255 Ga. 363, 365 (4) (338 SE2d 431) (1986).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1987.

*John T. Chason*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas Jones, Assistant District Attorneys*, for appellee.