## 75939. BANKS v. THE STATE.
(366 SE2d 228)

BANKE, Presiding Judge.

The appellant was convicted of kidnapping and rape. His primary contention on appeal is that the trial court erred in admitting evidence of an alleged similar criminal transaction for which he had previously been tried and acquitted.

The alleged victim in the present case, Joy Ramsey, testified that the appellant had followed her home from a gas station while she was returning home from high school on the afternoon of February 5, 1985, forced her at knife point to get into his pickup truck, and then transported her to a wooded area where he raped her. Additional evidence was introduced by the state which tended to corroborate Ms. Ramsey's testimony. The appellant testified that Ms. Ramsey had invited him to follow her home and had both entered his truck and engaged in sex with him voluntarily.

Over the appellant's objection, asserted by motion in limine, the state was allowed to present testimony by a Ms. Cathy Grady to the effect that on the night of October 31, 1983, the appellant had abducted and robbed her as she was leaving her place of work in Spalding County to go home. Ms. Grady testified that the appellant approached her vehicle as she was preparing to drive home, pulled a pistol on her, ordered her to move over to the passenger side of the front seat, and then forced her to sit with her head between her legs while he drove the vehicle. The encounter was terminated by the intervention of a law enforcement officer, whose attention was drawn to the car by the fact that its headlights were not on. Ms. Grady testified that during the course of her abduction, the appellant had demanded and received her pocketbook. The appellant was subsequently indicted in Spalding County on charges of kidnapping, armed robbery, and possession of a firearm during the commission of a crime; however, he was acquitted of these charges following a trial at which he testified that he and Ms. Grady had had an ongoing sexual relationship and that he had been driving her vehicle at her invitation. *Held*:

1. In *Moore v. State,* 254 Ga. 674 (333 SE2d 605) (1985), the Georgia Supreme Court held that evidence of prior criminal misconduct on the part of a defendant which would otherwise be relevant and admissible to prove identity, motive, bent of mind, or course of

conduct is rendered inadmissible under the doctrine of collateral estoppel where the defendant has been tried and acquitted of the alleged prior offense. Quoting from the decision of the United States Court of Appeals for the Fifth Circuit in *Wingate v. Wainwright*, 464 F2d 209, 215 (5th Cir. 1972), the court reasoned that " '[i]t is fundamentally unfair and totally incongruous with our basic concepts of justice to permit the sovereign to offer proof that a defendant committed a specific crime which a jury of that sovereign has concluded that he did not commit.' " *Moore v. State*, supra at 675.

The state's purpose in putting Ms. Grady on the stand in the present case was obviously to establish that, contrary to the jury's verdict in the Spalding County case, the appellant had in fact abducted Ms. Grady against her will, and thereby to persuade the jury in the present case that, contrary to his testimony, he had also abducted Ms. Ramsey against her will. Indeed, the state's closing argument was characterized repeatedly by such assertions as, "you're dealing with . . . [a] man that has had a similar experience just over a year ago in Spalding County with another white girl," and "you have a duty to tell [the appellant] that you got away once, buddy, but you're not going to get away twice." Under the Georgia Supreme Court's decision in *Moore*, this attempt to relitigate the Spalding County case was clearly impermissible. Accord *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) (1986); *Riley v. State*, 181 Ga. App. 667 (1) (353 SE2d 598) (1987). See also *Lewis v. State*, 179 Ga. App. 121 (3) (346 SE2d 70) (1986).

We reject the state's apparent argument that Ms. Grady's testimony concerning the Spalding County incident was admissible for impeachment purposes because the appellant, when questioned during the trial of the present case about the Spalding County incident, gave testimony which was inconsistent with the testimony he had given during the trial of that case. Quite obviously, the appellant would not have been called upon to explain his conduct in connection with the prior case at all had not the state sought to relitigate that case by introducing Ms. Grady's testimony.

We similarly reject the state's argument that because the appellant was not charged with rape in connection with the Spalding County incident, Ms. Grady's testimony can only be viewed as harmful in connection with his kidnapping conviction in the present case and not in connection with his rape conviction. Clearly, by introducing Ms. Grady's testimony the state sought to prove that the appellant had acted forcibly and without the consent of his alleged victim in the present case, both with respect to the rape charge and with respect to the kidnapping charge. Moreover, with reference to the Spalding County case, the state's attorney openly speculated to the jury during his closing argument that "had it not been for the lights

that night on [Ms. Grady's] car failing to operate, we might have had some other similarities to present to you."

While we understand the state's desire to correct what might appear to some to have been an injustice in the Spalding County case, there is no question that under the Supreme Court's decision in *Moore,* supra, the admission of Ms. Grady's testimony requires the reversal of both of the convictions which are the subject of this appeal. As stated in *Moore,* "[t]he fact that there is other sufficient evidence to convict does not make the error harmless; rather the test is whether the evidence may have influenced the jury's verdict." Id. 254 Ga. at 677. Given the importance which the state sought to attribute to Ms. Grady's testimony during its closing argument in the present case, it will not now be heard to argue that there was no reasonable possibility that her testimony influenced the jury's verdict. Accord *Lucas v. State,* supra, 178 Ga. App. at 152.

2. The appellant enumerates as error the trial court's refusal to allow him "to prove the moral and sexual character and behavior of the alleged victim," contending that the state opened the door to such an inquiry by introducing testimony that Ms. Ramsey had been "going with" a certain male friend "on a steady basis . . . for a period of a year or two."

Evidence concerning the victim's past sexual behavior is, of course, inadmissible in a prosecution for rape, absent a showing that such sexual behavior "directly involved the participation of the accused" or otherwise would support an inference "that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution." OCGA § 24-2-3 (b). We cannot agree that the state "opened the door" to an inquiry regarding Ms. Ramsey's past sexual experience, if any, in the present case merely by introducing evidence that she was "going steady" with someone at the time of her alleged abduction.

3. The appellant contends that a new trial should have been granted due to a purported conflict between Ms. Ramsey's testimony that she had complied with the appellant's instructions to remain crouched down on the seat of his truck while she was inside the vehicle and the testimony of another witness called by the state, who maintained that she had seen someone besides the appellant sitting in the truck on the afternoon in question. This enumeration of error is without merit. "The appellate courts do not weigh the evidence or determine the credibility of the witnesses, but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt." *Jamison v. State,* 162 Ga. App. 635 (292 SE2d 515) (1982). Even absent the testimony regarding the alleged prior offense in Spalding County, the evidence in the present case was amply sufficient to have

enabled a rational trier of fact to find the appellant guilty of kidnapping and rape beyond a reasonable doubt.

4. The appellant's remaining enumerations of error are deemed abandoned pursuant to Rule 15 (c) (2) of this court due to his failure to provide any argument or citation of authority in support thereof.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 16, 1988.

*James E. Bischoff*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, William H. Stevens II, Assistant District Attorneys*, for appellee.