## A90A1518. BROWN v. THE STATE.
### (398 SE2d 434)

COOPER, Judge.

Appellant, convicted by a jury of aggravated assault appeals from the denial of his motion for new trial.

Evidence adduced at trial showed that appellant went to the residence of his former girl friend at approximately 8:00 one morning. When no one answered appellant's knock at the door, he climbed along the side of the house, entered the house through an upstairs window, and found his former girl friend and the victim in the bedroom. Appellant began arguing with the victim and as the victim left the house, appellant and several of his friends chased the victim. When appellant subsequently caught up with the victim, appellant shot the victim three times in his right leg.

1. Appellant first contends that the verdict was contrary to the evidence. We find that the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second and third enumerations of error, appellant contends that the trial court erred in refusing to give his requested charges on reckless conduct and pointing a pistol at another. A person is guilty of reckless conduct who "causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . ." OCGA § 16-5-60. Appellant testified that he first shot at the victim when the victim ran towards him; that he shot the victim the second time because he appeared to be reaching for something; and that he did not recall shooting the victim the third time. Because appellant did in fact intend to shoot the victim, " '[t]he act testified to by appellant was either justified as an act of self-defense or constituted a felony.' [Cit.]"

*Riley v. State*, 181 Ga. App. 667 (3) (353 SE2d 598) (1987). Accordingly, we find no error in the trial court's refusal to give appellant's requested charges.

For the foregoing reasons we conclude that the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 26, 1990.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney*, for appellee.