## A11A0118. BELL v. THE STATE.
(715 SE2d 684)

BARNES, Presiding Judge.

Following his 2005 conviction for rape, James Arness Bell appeals from the denial of his motion for new trial. He contends that the trial court erred in admitting evidence of a prior transaction for which he was acquitted, and erred in denying his motion for mistrial when prejudicial statements were made during voir dire. Upon our review, we reverse.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Hall v. State*, 292 Ga. App. 544, 545 (664 SE2d 882) (2008). We do not weigh the evidence or consider witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.

So viewed, the evidence shows that in November 2003, during a group counseling session at the Youth Detention Center (YDC) in Pelham, the then-14-year-old victim made an outcry to her counselor that she had been raped. She described the details of the rape, and named Bell as the person who raped her. The matter was referred to the Department of Family and Children Services, who thereafter contacted law enforcement agencies. An investigator with the GBI interviewed the victim who told the officer that the rape occurred in late August 2003. She stated that she was approached by Bell as she walked home from a friend's house at approximately 11:00 p.m. When she rebuked his attention, Bell grabbed her by the shirt and told her to come with him. He took her to an abandoned house, and when she refused to take her clothes off, struck her several times. Bell removed her pants and underwear and raped the victim. Bell told the victim that if she told anyone about the rape, he would kill her or her family. She told the investigator that she did not tell anyone until November because she was afraid, and believed that she was safe inside the YDC because Bell could not get to her.

1. Bell contends the trial court erred when it permitted the State to present evidence of a 1996 similar transaction in which Bell allegedly followed the 17-year-old victim as she walked alone at night

and, after forcing her into the woods then an abandoned house, repeatedly raped her. After a trial, at which Bell maintained that it was consensual sex, he was acquitted. The trial court conducted a pre-trial hearing, and after making findings required by *Williams v. State*, 261 Ga. 640, 641-642 (2) (409 SE2d 649) (1991), it allowed into evidence the 1996 acquittal to show course of conduct.

> When prosecuting an independent crime, use of evidence of a prior offense is generally inadmissible. It may be admitted, however, if there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other.

(Citations and punctuation omitted.) *Riley v. State*, 181 Ga. App. 667, 668 (1) (353 SE2d 598) (1987). However,

> evidence of prior criminal misconduct on the part of a defendant which would otherwise be relevant and admissible to prove identity, motive, bent of mind, or course of conduct *is rendered inadmissible* under the doctrine of collateral estoppel *where the defendant has been tried and acquitted* of the alleged prior offense.

*Banks v. State*, 185 Ga. App. 851, 851-852 (366 SE2d 228) (1988) (quoting *Moore v. State*, 254 Ga. 674, 675 (333 SE2d 605) (1985)).

> Although some jurisdictions have adopted a per se rule prohibiting any evidentiary use of independent offenses where an acquittal was obtained, [our courts have] not. Instead, the application of collateral estoppel requires an examination of what facts were in issue and necessarily resolved in the defendant's favor at the first trial.

(Citations and punctuation omitted.) *Salcedo v. State*, 258 Ga. 870 (376 SE2d 360) (1989). Specifically, "it must be determined whether an issue that *was* in dispute in the previous trial — and resolved in the defendant's favor — is what the state is now trying to establish in *this* trial, notwithstanding the previous acquittal." Id. at 870-871.

In the 1996 trial, Bell admitted performing the act but denied that he acted with the intent to rape, instead claiming consensual sex. Thus, his identity and "the fact [he] performed the acts [were] not in dispute and not necessarily resolved in [his] favor." *Moore v. State*, 254 Ga. at 677. That he acted with the intent to rape was an issue resolved in his favor.

In this case, Bell claimed that he did not know the victim, and

had not raped her; thus identity was one of the purposes for which the State sought to have the similar transaction evidence admitted. The State presented evidence that in the 1996 case, Bell approached the victim, and after being rebuffed, forced her to go with him to an abandoned building where he then had sex with her, which the State argued was similar to the modus operandi alleged in the present case.

Identity was not an issue in the 1996 case, as Bell had claimed the act was consensual. Thus, as identity and commission of the act were not at issue in the first trial, the prior transaction evidence was proper and not foreclosed by collateral estoppel, and the evidence of the prior transaction was admissible. See *Cartwright v. State*, 242 Ga. App. 825, 827 (1) (531 SE2d 399) (2000); cf. *Salcedo v. State*, 258 Ga. at 870 (identity not an issue and intent was resolved in defendant's favor by the previous acquittal for rape, thus the State was precluded under the collateral estoppel doctrine from relitigating the issue in his current rape trial); *Riley v. State*, 181 Ga. App. at 668-669 (1) (where appellant had been found not guilty by reason of insanity of the first assault, the state was collaterally estopped from relitigating her intent in that incident).

2. Bell next contends that the trial court erred in denying the motion for mistrial that he made after a question from a prospective juror. During voir dire, the juror stated that he had heard of a person named James Bell who was accused of a previous sexual assault in another county, and asked if it was the same person because the victim in that assault was his grandmother. The State responded: "Your grandmother is [name omitted]?" To which the juror responded: "My grandmother is Ardella [name omitted]." When questioned if he knew James Bell, the juror responded that he did not, but wondered if it was the same person. The State then responded: "I can't go into the past. That's what the judge was getting at and that's what I'm getting at. We can't talk about what happened in the past, just talking about today." The juror was then asked whether his relationship with his grandmother would affect his ability to be fair and impartial, he responded that "I would hope so. I guess I could because I don't know James Bell. I can't say that I know him."

Defense counsel requested to approach the bench; the discussion was not reported, but the trial court later indicated that Bell had moved for a mistrial based on the juror's remark about the alleged (name omitted) rape. During the hearing on the motion, Bell argued that the juror's remark about the past rape had tainted the remainder of the panel. The trial court denied defense counsel's motion.

It is true that since a jury had not yet been impaneled and sworn to try the case, the motion for mistrial was premature. The proper procedural tool for the defense to have used was either a "challenge to the poll" or a motion for a postponement to impanel other jurors who had not heard the remark. However, regardless of the label which defense counsel placed on his motion, his import was clear, i.e., that the prospective jurors had been prejudiced by the remarks and that the appellant was entitled to a new panel from which to choose a jury to hear his case.

(Citations and punctuation omitted.) *Lingerfelt v. State*, 147 Ga. App. 371, 373 (1) (249 SE2d 100) (1978). "When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." (Citation omitted.) *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997). Due process requires "a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith v. Phillips*, 455 U. S. 209, 217 (II) (102 SC 940, 71 LE2d 78) (1982).

Whether the statements are so prejudicial as to warrant a mistrial is within the trial court's discretion. A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

(Citations and punctuation omitted.) *White v. State*, 268 Ga. at 32 (4). Here, although the prospective juror at issue said he was not sure if the defendant was the same James Bell accused of raping his grandmother, rather than leave the question unanswered, and move on to another juror, the State elicited more information from the juror. Specifically, the State asked if the juror's grandmother was "[name omitted]" thereby providing the other prospective jurors with the name of another alleged rape victim in a crime for which Bell was not on trial. Moreover, the trial court did not undertake any measures to ascertain what, if any, impact the remark had on the panel's ability to decide the case. The State elected not to use evidence of the alleged rape as a similar transaction, and thus it is not a circumstance in which the jury would have heard the incriminating evidence during the trial.

"This [evidence] was *inherently* prejudicial and deprived [Bell] of his right to begin his trial with a jury free from even a suspicion of prejudgment or fixed opinion." (Citation and punctuation omitted.) *Lingerfelt v. State*, 147 Ga. App. at 373 (1). Because the trial was tainted from the beginning, Bell's conviction must be reversed.

*Judgment reversed. Adams and Blackwell, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

On Motion for Reconsideration, the State contends that evidence of the rape mentioned during voir dire was introduced as similar transaction evidence, and thus there was no error because the jury heard the incriminating evidence at trial. Our review of the record however, is consistent with our holding in the case in that the similar transaction evidence of that rape was not introduced at trial. In its motion for reconsideration, the State cited page 146 of the trial transcript, at which it introduced as similar transaction evidence the rape of 17-year-old A. M., through the testimony of the victim who was then 26 years old. The victim mentioned during voir dire was A. C., the grandmother of one of the prospective jurors — clearly not the same victim who testified during trial. Moreover, the record includes the State's similar transaction notice under Uniform Superior Court Rule 31.1 of only the rape of A. M.; A. C.'s rape was not mentioned in the notice. Thus, as the State's record cite is inaccurate, and there being no other indication in the record that the jury heard evidence of the rape mentioned during voir dire, the State's motion for reconsideration is hereby denied.

*Motion for reconsideration denied.*

DECIDED JULY 5, 2011 —
RECONSIDERATION DENIED JULY 29, 2011.

*Billy M. Grantham*, for appellant.

*Joseph K. Mulholland, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.